## LYON v. O'KELL.

1. PLEADINGS: DEMURRER. A demurrer admits all facts set out in the pleading against which it is directed, which are well pleaded.

2. PROMISSORY NOTE: FAILURE OF TITLE. When, in an action on promissory notes, the answer to a petition alleged that the consideration of the notes was a bond for the conveyance of certain real estate, on the payment of the notes, and that, at the maturity of the notes and bond, the property therein described was so encumbered by judgments against the plaintiff that it was beyond his power to perform his agreement; it was held, that the defense was a valid one, and that a demurrer thereto should have been overruled.

*Appeal from Polk District Court.*

SATURDAY, DECEMBER 6.

ACTION on a promissory note. The defense is stated in the opinion of the court. Judgment for plaintiff, on demurrer, and the defendant appeals.

*James M. Ellwood* for the appellant, cited the following authorities: *Brown* v. *Tomlinson*, 2 G. Greene, 525; *Funk* v. *Cresswell et ux.*, 5 Iowa, 62; *Fitch et al.* v. *Casey*, 2 G. Greene, 300; *Clark* v. *Redman*, 1 Blackf., 379; *Judson* v. *Wass*, 11 John., 525; *Tucker* v. *Woods*, 12 Id., 190; *Robb* v. *Montgomery*, 20 Id., 15; *Lawrence* v. *Parker*, 1 Mass., 190; *Ives* v. *Ives*, 13 John., 235; *Jackson ex dem. Ludlow* v. *Myers*, 3 Id., 388; *Jackson ex dem. Greene* v. *Clarke*, Id., 424; *Jackson* v. *Moncrief*, 5 Wend., 262; Pars. Contr., 168; *Clute* v. *Robison*, 2 John., 595; *Everson* v. *Kirtland*, 4 Paige, 628; *Carpenter* v. *Bailey*, 17 Wend., 244; *Shreck* v. *Pierce et al.*, 3 Iowa, 350; Rawle's Cov. Tit., 564, and the cases there cited.

*S. V. White* for appellee.

BALDWIN, C. J. — This suit is upon certain promissory notes given by the defendant to plaintiff in consideration of the sale of several tracts of land. The plaintiff, when the notes were executed and delivered, gave to the defendant bonds for deeds to said lands sold, conditioned that the title should be made out and delivered upon the payment in full of the purchase money, time being made the essence of the contract. The defendant answered, setting up a failure of consideration, fraud, &c., and averred that the plaintiff, had no title to said lots and, therefore, no right to convey the same. The cause was continued, and at the succeeding term the defendant filed a plea *puis darien continuance.*

In this plea it is stated that since the last continuance and the filing of defendant's answer, said notes mentioned in the bonds had become due; that after said notes became due and the time had arrived at which the plaintiff had agreed to convey to the defendant said lands, the plaintiff failed to tender deeds to defendant for said lands, nor has he at any time since offered, on his part, to comply with the conditions of the said bonds. In this plea it is further stated that the plaintiff has had judgments rendered against him to such an amount as will place it beyond his power to comply with the conditions of the contract. To this plea there was a demurrer, which, being sustained, defendant appeals.

In the ruling of the court, in sustaining this demurrer, we think there was error. The plaintiff, by his demurrer, admits such matters in this special plea as are well pleaded. If it is admitted by the plaintiff that the property described in the bonds was so encumbered by judgments as to render it impossible for him to make a deed in accordance with the terms of the contract, he should not recover on the notes given by defendant, in consideration of the sale to him of said lands. We understand this to be the effect of the demurrer.

Reversed.