## LYON v. DAY.

1. ACTION FOR PURCHASE MONEY: FAILURE OF TITLE. In an action .for the purchase money of real estate,-it is competent for the defendant to show, as a defense, that the property is so incumbered that it is impossible for the plaintiff to make a good and perfect title thereto in accordance with the terms of his bond. (Following *Lyon* v. *O'Kell*, 14 Iowa, 233.)

*Appeal from Polk District Court.*

TUESDAY, JANUARY 5.

Action to recover on certain promissory notes executed for the purchase money of real estate. One of the defenses set up in the answer was an allegation that plaintiff could not make a good title to the property which was the consideration of the notes. Defendant offered to prove that the property had been sold to satisfy judgments against the plaintiff. An objection to this evidence was sustained by the Court. Judgment for plaintiff, and defendant appeals.

*Curtis Bates* for the appellant, cited 3 Cow. & Hill's Notes, Phill. Ev., 87; 2 Parson's Contr., 168; Sugden on Vendors, 471; 6 Ohio, 174; *Fitch* v. *Carey*, 1 Blackf., 379.

*Brown & Sibley* for the appellee.

WRIGHT, Ch. J. — The Court below erred in excluding defendant's testimony tending to show that the property, for the purchase money of which this suit is brought, was so incumbered that plaintiff could not make a good and sufficient title according to the terms of his bond.    And this being so, of course it was more clearly erroneous to reject evidence showing that the same property had been levied upon and sold to a third person, upon a judgment subsisting as a valid lien against plaintiff, paramount to the rights of defendant.    The case is upon principle, and in its facts like that of *Lyon* v. *O'Kell*, 14 Iowa, 233.

This ruling, we infer, substantially disposes of the case, and we need not, therefore, notice the other errors assigned.

Reversed.