ANDREW H. STEPHENSON, Appellee, v. JAMES NEPPEL, Appellant.

**PLEADING:** Issue Raised by Inference From Facts Pleaded. In an
1 action on a land contract for an installment of interest maturing
prior to the maturity of the principal, evidence tending to show
that the plaintiff had abandoned the contract, and did not intend to
perform it, is admissible, even though defendant did not *specifically*
plead abandonment, but did plead facts from which abandonment
was fairly *inferable*.

**VENDOR AND PURCHASER:** Remedies of Vendor—Action for Inter-
2 est Installment—Conditions. In an action by a vendor for an in-
stallment of interest maturing before conveyance was due, plain-
tiff, while he must be ready and able to perform, need not tender con-
veyance, especially when the defendant, who was obligated to pay
such interest, had assigned his contract to another.

*Appeal from Carroll District Court.*—E. G. ALBERT, Judge.

APRIL 7, 1921.

REHEARING DENIED OCTOBER 1, 1921.

ACTION to recover an installment of interest upon a con-
tract for the purchase of real estate. The facts are fully stated
in the opinion. Verdict and judgment for plaintiff, and de-
fendant appeals.—*Reversed.*

*Helmer & Minnich,* for appellant.

*Lee & Robb,* for appellee.

STEVENS, J.—On April 12, 1916, Anna S. Stewart and hus-
band, residents of Sioux Falls, South Dakota, entered into a
contract in writing with the defendant, a resident of Carroll,
Iowa, agreeing to convey to him Section 23,
Township 110, Range 65, Beadle County, South
Dakota, for a consideration of $30,001, $1.00 of
which was paid at the time of the execution of the contract.
The balance, defendant agreed to pay as follows: $12,000 on

1. PLEADING:
issue raised
by inference
from facts
pleaded.

April 1, 1919, when a deed was to be executed and possession given, and $18,000 on April 1, 1926, with interest on the whole sum from April 1, 1916, at 6 per cent, payable annually.

The defendant also agreed to pay the taxes coming due subsequent to the year 1915. On February 10, 1917, the said Anna S. Stewart and husband assigned the contract to plaintiff, and on February 17th, conveyed the land to him by warranty deed, subject to the provisions of the contract. The contract of February 10th and the deed of February 17th were executed in pursuance of a contract entered into between the same parties on January 29th preceding. On October 9, 1916, James Neppel, · defendant and appellant, assigned the said original contract entered into between him and the Stewarts to J. H. Coon, of Sioux City. Prior to the execution of this assignment, and on October 6, 1916, appellant and J. H. Coon entered into a contract, by the terms of which Neppel agreed to trade his equity in Section 23 to Coon for other lands. Later, and on or about May 25, 1917, the written assignment executed by appellant to J. H. Coon, which was in blank, was transferred by him to one H. G. Ledyard, an attorney at Sioux Falls, South Dakota. This transaction will be hereafter referred to at greater length.

The petition herein was filed in the office of the clerk of the district court of Carroll County, October 3, 1917. There is no dispute in the record as to any of the above matters.

Plaintiff, in his petition, asked judgment for the interest upon $30,000 at 6 per cent, for one year, from April 1, 1916, to April 1, 1917, and also for $156.92 taxes paid by him upon Section 23. Defendant, on November 27, 1917, answered, admitting the execution of the contract of April 12, 1916, between himself and the Stewarts, and alleged the assignment thereof to J. H. Coon, and that he assumed all of the obligations thereof; and that, some time between the 15th and 20th of May, 1917, J. H. Coon and plaintiff entered into an oral contract, by the terms of which the former agreed to procure and turn the contract over to plaintiff for cancellation, for a consideration of $25; and that, on or about the 22d day of May, in pursuance of said agreement, the said J. H. Coon forwarded to his brother, N. N. Coon, at Sioux Falls, the said contract, a receipt to be signed by plaintiff, the assignment in blank, which he had re-

ceived from appellant, and also a mortgage for $200 which he held upon some part of the land, to be turned over to plaintiff upon the payment by him of $25. All other allegations of plaintiff's petition were denied.

This cause was continued from time to time, and was not reached for trial until about the middle of March, 1920. On March 16, 1920, the defendant filed an amendment to his original answer, alleging, in substance, that, by the terms of the original contract between him and the Stewarts, defendant, or his assignees, was to receive a deed and possession of the land on April 1, 1919; that plaintiff has at no time attempted or offered to comply with said contract; that he has not delivered, or offered to deliver, a deed conveying the same to defendant or his assignee, or offered to perform any of the covenants or agreements for which he was obligated by said contract; but that, on or about April 1, 1919, plaintiff leased the said premises to a tenant who went into possession thereof; and that he has thereby breached said contract, and placed it beyond his power to carry out the terms thereof.

Thus it appears that, at the time the petition was filed, plaintiff knew that appellant had assigned the contract to Coon, and that later it had been assigned by him to Ledyard. Referring again to this latter transaction, the testimony on behalf of the defendant tended to show that the assignment, receipt, and mortgage forwarded by J. H. Coon to his brother N. N. Coon were intended to be delivered to plaintiff only upon the payment by him of $25. The letter of J. H. Coon accompanying the papers directed N. N. Coon to turn them over to plaintiff upon his signing the receipt, which contained the following sentence:

"There is a mortgage on this contract of $30,000, and interest from April 12, 1916, up to the present date, which I agree to assume and pay."

On the same day that the letter was written to N. N. Coon, J. H. Coon also wrote a letter to plaintiff, informing him that he had forwarded all of the papers to his brother, and that he had left the assignment blank, so that plaintiff could insert his name, and have the assignment recorded, without extra expense. Plaintiff did not reply to this letter. Henry A. Mueller, an attorney at Sioux Falls, testified that, after the receipt of the

papers by N. N. Coon, he called at his office and informed him that plaintiff would have nothing to do with it, but that H. G. Ledyard would pay $25 and take an assignment of the contract, but would not sign a receipt assuming and agreeing to pay the interest and taxes. A check drawn by Mueller & Company for $25 was thereupon delivered to N. N. Coon by Henry A. Mueller, who signed the name of H. G. Ledyard to the receipt, after erasing the name of plaintiff and inserting that of Ledyard, and also erasing the words, "which I agree to assume and pay."

According to the testimony of both N. N. and J. H. Coon, the act of the former in turning the assignment over to Mueller for the benefit of Ledyard was unauthorized. The court instructed the jury upon this issue that, if the preponderance of the evidence showed that the plaintiff made an oral agreement with J. H. Coon, by the terms of which Coon agreed, for a consideration of $25, to turn over and deliver to the plaintiff the original contract held by him, and that, as a part of said agreement, plaintiff assumed and agreed to pay the interest due thereon from April 1, 1916, and the taxes after the year 1915, then the plaintiff could not recover. The instruction placed the burden of proof on this issue upon the defendant.

The questions presented in this case are, to some extent, questions of pleading. It will be observed that the defendant did not plead abandonment, rescission, or forfeiture of the contract by plaintiff, or a failure of consideration. The facts, however, upon which a plea of at least some of these matters might possibly have been based, are set up in the answer.

Plaintiff, in the court below and in this court, relied largely upon the proposition that the obligation assumed by the defendant to pay taxes upon the land and interest upon the contract was an independent covenant; that performance of the dependent terms of the contract was not due at the time of the commencement of this action; and that tender or offer of performance, even though the case was tried after the date fixed for the execution of the deed and the delivery of possession, was not a prerequisite to plaintiff's recovery. The question of dependent and independent covenants is largely a matter of intention. *Southern Colonization Co. v. Derfler,* 73 Fla. 924 (75 So. 790); *Fresno Canal & Irr. Co. v. Perrin,* 170 Cal. 411 (149 Pac. 805);

*Orr v. Greiner,* 254 Pa. 308 (98 Atl. 951); *Long v. Addix,* 184 Ala. 236 (63 So. 982); *McCormick v. Badham,* 191 Ala. 339 (67 So. 609); *Michigan Home Col. Co. v. Tabor,* 141 Fed. 332· (72 C. C. A. 480). And it is not, as we view it, of controlling importance upon this appeal.

It will also be observed that plaintiff's action is not for the recovery of the purchase price, but for the recovery of an installment of interest and taxes. The rule is settled in this state that an action will lie for the recovery of an installment of the purchase price which matures before the entire purchase price becomes due. *Hershey v. Hershey,* 18 Iowa 24.

Counsel for appellant contends that plaintiff, by leasing the land and placing a tenant in possession thereof on or after April 1, 1919, thereby placed it beyond his power to perform the contract, and that, therefore, he cannot recover, even conceding plaintiff's theory of independent covenants.

Manifestly, the defendant was not in a position to demand that the land be conveyed to him, for the reason that he had assigned all of his interest in the contract to Coon, who had, in turn, assigned his interest therein to Ledyard. Defendant's relation to the contract, after he had assigned it to Coon, was similar to that of a surety. The consideration for the contract was the agreement upon the part of plaintiff and his assignors to convey Section 23 to the defendant or his assignee, and upon the part of the defendant, to pay plaintiff or his assignors the sum of $30,000, according to its terms. The installment of interest for which plaintiff seeks recovery arose out of the original contract; and whether the agreement to pay interest be treated as an independent covenant or not, it is, nevertheless, of the consideration which the defendant agreed to pay for the property.

Assuming, therefore, that plaintiff was not required to tender a deed to the defendant, who had assigned all his rights under the contract, and that a right of action for the interest accrued as soon as it became due, which was prior to the date fixed for the conveyance, is there reversible error in the record? If it were disclosed by the record that plaintiff had abandoned or canceled the contract, or given notice of forfeiture, as therein provided, it could hardly be seriously claimed that he could recover the installment of interest and taxes for which this action was

brought. The abandonment or rescission of the contract by plaintiff, or any act upon his part disaffirming or refusing to perform the same, or. which placed it beyond his power to do so, would release defendant's assignee from liability; and consequently the defendant would also be released. *Gibbons v. Cozens*, 29 Ont. (1898) 356; *Arbuckle v. Hawks*, 20 Vt. 538; *Ward v. Warren*, 44 Ore. 102 (74 Pac. 482); *Rose v. Rundall*, 86 Wash. 422 (150 Pac. 614); *Warren v. Ward*, 91 Minn. 254 (97 N. W. 886); *Roney v. Halvorsen Co.*, 29 N. D. 13 (149 N. W. 688); *Mays v. Sanders*, (Tex. Civ. App.) 36 S. W. 108; *Steiner & Sons v. Baker*, 111 Ala. 374 (19 So. 976); *Glassell v. Coleman*, 94 Cal. 260 (29 Pac. 508); *Lyon v. O'Kell*, 14 Iowa 233; *Todd v. State Bank*, 182 Iowa 276. With this statement of the facts and general governing principles before us, we come now to consider the errors assigned and relied upon by the defendant for reversal.

I. Counsel for defendant, upon cross-examination of the plaintiff, inquired whether he had taken any steps toward a cancellation of the contract. Objection upon the ground of immateriality was sustained by the court. The correctness of this ruling is challenged by proper assignment of error, and points relied upon for reversal. The defendant, as already stated, pleaded that plaintiff leased the land and placed a tenant in possession thereof on or after April 1, 1919, the date fixed for the consummation of the contract. Some duty to perform rested upon the plaintiff. If, by leasing the land and placing a tenant in possession thereof, he placed it beyond his power to perform the contract upon his part, then surely he could recover no part of the consideration therefor, no matter whether payable in installments or not, or when a cause of action arose thereon. The abandonment or cancellation of the contract by plaintiff would be a complete defense to his claim against defendant. The evidence tended strongly to show an abandonment. The question to which the objection was sustained did not, therefore, call for immaterial facts. The plaintiff admitted, upon cross-examination, that he had leased the land to Walter Irving some time in February, 1919, and that the lease was not subject to the contract in suit, thereby, presumptively at least, disabling himself from performing its terms. It is true that defendant did

not plead a cancellation or abandonment of the contract, but he did plead facts from which abandonment, at least, might well have been inferred, as well as that plaintiff did not intend to carry out the terms thereof. If the contract was, in fact, canceled, then the defendant, if he was able to make proof thereof, would have been entitled to a directed verdict. It is urged by counsel for appellee that this testimony was immaterial, under the issues as they were made up at the time the questions were asked and the objections sustained. This contention cannot be sustained. The objection of counsel and the ruling of the court, as disclosed by the record, were clearly based upon the theory that, as plaintiff's cause of action accrued and suit was commenced prior to April 1, 1919, it was immaterial whether plaintiff was ready or willing to carry out the terms of the contract or not. Counsel seeks to maintain this position in argument and by citation of authority. The objection should have been overruled. The exclusion of this evidence was obviously prejudicial.

II. The case was tried in the court below by counsel for defendant largely upon the theory that it was incumbent upon the plaintiff to tender performance of the contract to the defendant, before he could maintain an action for interest and taxes due; and that, after the alleged default upon the part of the defendant to carry out the terms of the contract, plaintiff could sue only for specific performance or for damages; and that no recovery could be had for an installment of interest or taxes, which were a part of the consideration for the contract.

2. VENDOR AND PURCHASER: remedies of vendor: action for interest installment: conditions.

Manifestly, defendant was not in a position to accept a deed and pay the purchase price, or to carry out the terms of the contract if one had been tendered to him. Plaintiff's cause of action must be distinguished from an action for the whole purchase price. It was, however, incumbent upon the plaintiff to be ready, able, and willing to perform the contract and to make conveyance to the party entitled thereto, if he should also be ready, able, and willing to perform the terms thereof. He could not abandon, cancel, rescind, or forfeit the contract, and thereafter demand payment of any part of the purchase price from the

defendant or his assignee.    Under such circumstances, there would be a total failure of consideration.

Numerous instructions were requested by counsel for appellant, embodying appellant's theory of the law.    They did not, however, correctly state the law, and were, therefore, properly refused.    Other alleged errors are assigned by appellant, but they present no ground for reversal.    Defendant sought to have an accounting for the rents and profits during the period after the contract was executed.    He was manifestly not entitled to recover therefor.    The contract gave him no right to possession until April 1, 1919, and he could not claim possession until the contract was complied with.    In any event, defendant had long since parted with his interest in the contract.

Counsel for appellee further contend that the independent covenants did not merge in the dependent covenants and become a part thereof after time for performance had arrived, in such a way that separate action could not be maintained.    We need not discuss this proposition.    If plaintiff abandoned, canceled, rescinded, or forfeited the contract, and did not, at the time of the trial, intend to carry out its terms, he could not recover any part of the purchase price or any installment of interest due thereon.    For the reason pointed out, the judgment of the court below must be, and is,—*Reversed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.