FIRST NATIONAL BANK OF SHENANDOAH, Appellee, v. E. S.
LEBARRON, Appellant, et al., Appellee.

BILLS AND NOTES: Liability on Indorsement—When Indorser Primarily Liable. A vendor of land who negotiates the purchase-price note received by him, and later either acquiesces in the abandonment of the contract by the purchaser or himself rescinds the contract and conveys the land to a new purchaser, thereby becomes primarily liable on the negotiated note, as between himself and a surety on said note.

Headnote 1: 39 Cyc. p. 1399 (Anno.)

*Appeal from Page District Court.*—EARL PETERS, Judge.

.APRIL 6, 1926.

ACTION on a promissory note. The opinion states the facts. From a judgment against him, the defendant LeBarron appeals.—*Reversed.*

*Ferguson, Barnes & Ferguson,* for appellant.

*Wilson & Keenan,* for appellees.

VERMILION, J.—The action is at law, to recover the amount due on a promissory note. A jury was waived, and the cause tried to the court.

The note sued on, for $670, was executed by one Stoddard and the appellant, LeBarron, to the defendant and appellee, Henry Field, as payee, and by Field indorsed, and turned over to the plaintiff bank.

The facts leading up to the execution of the note, out of which this controversy arises, are not in dispute. Stoddard purchased of Field certain real estate on written contract, for

$6,400. According to the contract, the payment of $1,200 was acknowledged in two notes given by Stoddard for $600 each, upon which appellant was guarantor. The balance of the purchase price was to be paid in annual installments of $600 until the "principal" was so reduced that Field would be willing to execute a deed and carry the balance on a mortgage. Time was expressly made the essence of the contract, and it provided for a forfeiture, at the option of the seller, of all payments made, for a failure by the purchaser to make the payments provided for or to perform the covenants of the contract.

The two notes for $600 were executed by Stoddard and the appellant, and sold by Field to the plaintiff bank. The note first due has been paid, and the second renewed one or more times. The note in suit is the last renewal. Stoddard moved off the land, and left the state. Field, without taking any steps to cut off Stoddard's rights under the contract, by enforcing a forfeiture or otherwise, sold and conveyed the land to a third party, after the execution of the note in suit.

This action was originally commenced by Field; but the bank was substituted as plaintiff, and, in an amended and substituted petition, made Field a party defendant, asking judgment against him on his indorsement of the note. Field answered, admitting his liability, alleging that appellant was primarily liable, and praying that the judgment so show, and that he be subrogated, in case of payment by him, to the right of the plaintiff against appellant.

Appellant answered, setting up the contract between Field and Stoddard, alleging that he was but a surety on the note; that Field had a vendor's lien on the land, to secure the note, which he released without the knowledge or consent of appellant, by conveying the land; and that thereby appellant, as surety, was released. Appellant further pleaded that the contract between Field and Stoddard had been rescinded, and that Field had, therefore, no right to recover on the note a portion of the consideration for the land. Appellant also filed a crosspetition against Field, containing the same allegations, and praying that, in case he was held liable on the note to the plaintiff, his liability be adjudicated to be secondary, and that he

have judgment over against Field.  Field answered the cross-petition with a general denial.

The judgment below was against both appellant and Field, and determined that the latter's liability was secondary to that of appellant.  Field has paid the judgment, taking an assignment thereof from the bank; so that the plaintiff is now out of the case.

In this situation, the only question before us is, Where, as between appellant and Field, does the primary liability rest? The liability of Field, as an indorser of the note, would be secondary to that of appellant, as a maker, if that were the only relation of the parties.  But, if appellant was under no liability to Field on the note, the latter being admittedly liable on his indorsement, and the judgment having been paid by Field, this would be the end of the controversy.

Counsel have discussed the questions whether appellant was a mere surety on the note, and whether the note was secured by a vendor's lien which Field released by conveying the title to the land, and whether he thereby released appellant from liability.  In the view we take of the case, we do not find it necessary to consider these questions.

It is undisputed that the original note was given to Field for a part of the consideration for land which Field contracted to sell to Stoddard.  As between Field and the makers of the note, whether Stoddard or the appellant, his right to recover thereon must depend on his right to recover the consideration agreed to be paid for the land.  As between the original parties, the fact that the consideration was represented by a note, or that it was so far taken in payment as that it was not secured by a vendor's lien, would make no difference in their rights.

It is said by appellee that Stoddard abandoned the contract.  The only testimony on the subject is that he said he had lost the place; that he moved off, and asked Field's agent not to crowd appellant on the note, and said that, when he got to California, he would take care of it.  If Stoddard abandoned the contract, and Field acquiesced in such abandonment by selling the land, this would amount to a waiver of a right to recover anything further on the contract.

It is not disputed that Stoddard was in default.  On his

default, Field had a right (1) to keep good a tender of performance on his part, and demand the balance of the purchase price; (2) to terminate the contract because of the default of the purchaser, and recover his damages; (3) to rescind the contract; or (4) to enforce a forfeiture under the statute. *Waters v. Pearson,* 163 Iowa 391. It was only by pursuing the first alternative that he would be entitled to recover the purchase price. He could not abandon, cancel, rescind, or forfeit the contract, and thereafter demand payment of any part of the purchase price. *Stephenson v. Neppel,* 192 Iowa 246.

Upon the default of Stoddard, Field had a right to rescind. The undisputed evidence is that he resold the land, and thereby put it out of his power to perform his contract. If there had then been no abandonment of the contract by Stoddard, but merely a default in failing to make the stipulated payments, the act of Field was clearly a termination of the contract on his part. *Pardoe v. Jones,* 161 Iowa 426; *Miller v. McConnell,* 179 Iowa 377; *Stephenson v. Neppel,* supra.

In short, whether it be considered that Stoddard abandoned the contract or was merely in default thereunder, it is clear, under the undisputed evidence, that Field's act in putting it beyond his power to perform on his part was either an acquiescence in Stoddard's abandonment or the exercise of his own right to rescind and terminate the contract.

It follows that Field had no right to recover a part of the purchase price upon the note in suit from appellant; and, the plaintiff's judgment having been paid by Field, the judgment against appellant must be, and is,—*Reversed.*

De Graff, C. J., and Stevens and Faville, JJ., concur.