CARY MANUFACTURING COMPANY, Appellant, vs. ACME BRASS & METAL WORKS and others, Respondents.

*April 5—June 26, 1934.*

*John C. Hart* of Waupaca, attorney for the appellant Cary Manufacturing Company, and *Francis C. Cary, pro se.*

*Lloyd D. Smith* of Waupaca, for the respondents Acme Brass & Metal Works, Chris J. Pommer, Louis Larson, Arthur H. Yohr, and B. C. Koepke.

For the respondents Grace Braun, Josephine Yohr, and Theresa Bean, there was a brief by *Benton, Bosser & Tuttrup,* and oral argument by *A. W. Parnell,* all of Appleton.

The following opinion was filed May 1, 1934:

ROSENBERRY, C. J. The contention of the plaintiff company briefly stated is that it is necessary in the continued operation of the plaintiff's business that it have the benefit of the proceeds of the policies of insurance for the purpose of restoring the plant so as to make the same useful; that it has as it alleged restored the same; that the proceeds of the policies, particularly that part thereof which it claims became due by reason of the destruction of the equipment,

should be so applied; that to do otherwise would work hardship upon the plaintiff; that it would be unjust and inequitable. A large number of cases are cited to the attention of the court. No useful purpose, however, would be served by stating and analyzing these cases. In its brief the plaintiff practically ignores the terms of the land contract relating to the disposition of the proceeds of the insurance policies. All cases which deal with the disposition of the proceeds of insurance policies under peculiar statutes or in the absence of contract or under contracts, the terms of which are not similar to the contract in this case, are beside the point. Nor need we consider any question arising with respect to the insurable interest which the defendant company or the defendant mortgagees have in the premises. That is undisputed.

We come then to a consideration of the rights of the parties under the terms of the contract. It is true that the mortgage contained certain provisions relating to insurance, but the mortgagees joined with the defendant corporation and the plaintiff corporation in a contract by which it was expressly agreed that the mortgagees should have the benefit of the contract for insurance made in the land contract, and the policies as already indicated were in fact made payable to the defendants as their respective interests might appear, and that interest was at least indicated. We have then an insurance policy which under the terms of the land contract the plaintiff company was obliged to provide for the benefit not only of the vendor but the mortgagees, the proceeds of which were payable to the mortgagees and the vendor as their respective interests might appear. There being no dispute with respect to that interest, no grounds are shown upon which, by the exercise of its equity powers, a court may deprive the defendants of the benefit of their contract. The need of the plaintiff company may be great. Its situa-

tion due to the present economic conditions may make it deserving of the disposition which it asks. Those are matters, however, which courts cannot take into consideration where the rights of the parties are controlled by contract.

The loss-payable clause attached to the policies of insurance is what is ordinarily referred to as an open one; that is, one which makes the mortgagee an appointee only. Under a clause of this kind it has been consistently held in Wisconsin that no assignment of the policy is effected, and the interest of the mortgagee is measured not by any interest in the property but by the amount due upon the obligation, the payment of which is to be secured. *Williamson v. Michigan F. & M. Ins. Co.* 86 Wis. 393, 57 N. W. 46. See 5 Couch, Insurance, § 1215a, and cases cited. This case has never been overruled nor is it modified by the standard policy law. The loss-payable clause annexed to the policy specifically provides that the loss, if any, is to be adjusted only with the insured, and then is to be payable first to the mortgagees as their interest may appear, "subject nevertheless to all the terms and conditions of the policy," and, secondly, to the Acme Brass & Metal Works as its interest may appear and the residue, if any, to the plaintiff. Under such a clause the defendant company and the mortgagees are appointees, and the provisions in the contract made between the insurer and the insured are for the benefit of a third party, the extent of whose interest is determined by the amount of the indebtedness due to the insured. "As their interest may appear" does not refer to the interest of the mortgagees in the property as the plaintiff seems to argue. Therefore it is immaterial whether the mortgagees had an interest as such in all of the property covered by the policies of insurance. There is nothing to prevent the owner of property with the consent of the insurer appointing his creditor to receive the proceeds in the event of loss, even though the creditor has no interest in the property by way of mortgage or otherwise. The term

"mortgagee" is inserted merely to indicate the nature of the interest and to determine the means by which the extent of the interest of the appointee shall be determined. For this reason it is immaterial to what extent, if at all, the equipment was attached to the building so as to become realty.

The case of *Connors v. Aaron*, 207 Wis. 115, 240 N. W. 821, is cited to the proposition that a restoration of the property by the mortgagor defeats the equitable lien of the mortgagee upon the proceeds of the fire insurance policy. Plaintiff ignores the fact that in *Connors v. Aaron* the trust deed provided for a restoration of the property, and that when so restored the cost thereof was to be paid out of the proceeds of the insurance, which in the meantime were to be held by the trustee. The rights of the parties were fully covered by the terms of the contract to which reference is made. Apparently the trial court was of the opinion that the rights of the parties in this case were governed by the doctrine of *Lichtstern v. Forehand,* 181 Wis. 216, 194 N. W. 421, and adjudged that the proceeds of the policies should be held by the mortgagees to whom it was payable and to the vendor to whom it was payable and applied in accordance with the terms of the contract between the parties in the absence of any agreement between the parties making a different disposition of the proceeds. It is considered that this disposition of the proceeds of the policies was in accordance with the doctrine of the *Lichtstern Case*. Negotiations for a different disposition failed apparently for the reason that plaintiff considered itself entitled to have the proceeds applied to the restoration of the property.

Other questions are raised which in the view we take of the law of the case it is not necessary for us to consider or discuss. The failure of the plaintiff to provide by contract for the restoration in the event of the destruction of the property by fire by applying the proceeds of the insurance puts it in a very disadvantageous position. The court can-

592

not by way of construction or in the exercise of. equity power remake the contract to fit the situation which now exists.

*By the Court.*—Judgment and orders appealed from affirmed.

A motion for a rehearing was denied, with $25 costs, on June 26, 1934.