MARY EMMA SMITH, Appellant, v. W. L. TULLIS et al., Defendants, SARAH J. KING, Appellee.

No. 42788.

MARCH 5, 1935.

Burton Russell and Gordon B. Russell, for appellant.

Emmert, James & Lindgren, for appellee.

RICHARDS, J.—■ This is an action at law brought by appellant upon a promissory note, payable to her, signed by appellee, Sarah J. King, and by W. L. Tullis and Verda M. Tullis. The note is dated January 26, 1931. On the same date appellant and her two children as vendors made a written contract with the same W. L. Tullis and Verda M. Tullis to sell to them certain Iowa real estate, owned by vendors, for $7,500, "payable as follows, $500.00 on the execution of this agreement, and the balance of $7,000.00 in payments" described in the contract. The contract also provided, "it is understood and agreed mutually that the cash payment of $500.00 heretofore described is in the form of a promissory note, due on February 1, 1934, and that in the event of default of any of the payments herein described, said note shall become due and payable at once, at the option of the holder thereof." The contract was not signed by appellee. The note referred to in the foregoing quotation is the note sued on herein. Appellee, Sarah J. King, was a surety and the other makers principals on said note.

On February 7 and 8, 1934, a notice of forfeiture of the real estate contract was given by the mentioned vendors to W. L. Tullis and Verda M. Tullis on account of their failure to make payments provided in the contract. The right to exercise this forfeiture was a part of the contract. The vendees did not perform their defaulted undertakings during the statutory 30-day period following the service of the notice. So on March 9, 1934, the contract was forfeited and consequently the vendors' right to recover the purchase price was thereafter nonexistent. The case was tried in the district court on April 17, 1934. The facts above recited being established and uncontroverted, the court, upon motion of appellee, Sarah J. King, directed a verdict in her favor and entered a judgment dismissing as to her the plaintiff's petition, from which judgment this appeal comes before us.

Appellant claims that the court erred in directing a verdict and entering the judgment dismissing her petition for two reasons, first, because the fact question, whether the forfeiture of the contract terminated all liability of appellee Sarah J. King on the note, should have been submitted to the jury; and, second, because the court should have construed the note as having the legal effect of a loan of money by the appellant, to the vendees of the contract, with which to pay the cash down payment.

That the first question above mentioned was not a jury question is determined by the holding in First Nat. Bank v. LeBarron, 201 Iowa 853, 208 N. W. 364. In the LeBarron case defendant was being sued on a note, or its renewal, which he had signed with one Stoddard, LeBarron being a guarantor. Stoddard, at the time of the making of the note, was entering into a contract to purchase real estate from one Field for $6,400. According to the contract, the payment of $1,200 of the $6,400 was acknowledged in two notes given by Stoddard for $600 each, upon which LeBarron was guarantor. The LeBarron case was brought to recover on one of these notes. Some time after the execution of the real estate contract, Stoddard defaulted in his payments and the contract was terminated by Field. Thereafter the suit was commenced against LeBarron by the plaintiff bank, assignee of Field. When the case reached this court, Field had been repossessed of the bank's rights of recovery on the note. This court held that Field had no right to recover, upon the note in suit, a part of the purchase price from LeBarron, having lost the right to recover the purchase price by electing to terminate the contract. We said:

"It is undisputed that the original note was given to Field for a part of the consideration for land which Field contracted to sell to Stoddard. As between Field and the makers of the note, whether Stoddard or the appellant, his right to recover thereon must depend on his right to recover the consideration agreed to be paid for the land. As between the original parties, the fact that the consideration was represented by a note, or that it was so far taken in payment as that it was not secured by a vendor's lien, would make no difference in their rights."

Applying the holding in the LeBarron case, we conclude appellant had no right of recovery, under the facts, after the forfeiture of the land sale contract.

One of the appellant's brief points is that a jury question was presented as to whether the note was given in lien of a cash payment, and in her argument she says the note may have been a part payment. As we understand, appellant's thought is that the parties, including appellee, could have so contracted, between themselves, that the delivery of this $500 note would constitute an extinguishment of $500 of the consideration to be paid for the real estate, in same manner as the payment of $500 cash. And that in

such event appellant could retain and collect the note in same manner as she could have retained, after forfeiture, a cash payment made before forfeiture of the contract. We understand appellant claims it was a jury question whether such was the agreement. The parties, including appellee, no doubt could have so agreed, but there is no evidence in this record on which could be sustained a verdict finding that they did so.

Appellant's second reason that the court erred, above set out, was not pleaded in appellant's reply in avoidance of the defense set up in appellee's answer, nor, so far as we can ascertain, in any other manner raised as an issue nor called to attention of the district court, and consequently should not be considered here. Further, this contention of appellant, that the court should have construed the note in suit as a loan of money by appellant to the vendees with which to pay the first payment provided in the land contract, amounts to a proposition that we should assume a fact situation without evidence to support it, and is not tenable.

The court did not err in directing a verdict, and the judgment of the district court is affirmed.—Affirmed.

ANDERSON, C. J., and ALBERT, DONEGAN, PARSONS, KINTZINGER, HAMILTON, and POWERS, JJ., concur.