**R.B. GRAY, Appellant,**

v.

**Edwin R. BOWERS, Wava L. Bowers, and American State Bank, Appellees.**

**No. 66167.**

Supreme Court of Iowa.

April 20, 1983.

Robert S. Kinsey, Jr., of Brown, Kinsey & Funkhouser, Mason City, for appellant.

R. Michael Sweesy, Mason City, for appellees.

LeGRAND, Senior Judge.

This case involves a dispute between the buyers and the seller of real estate in Mason City, Iowa. The defendant, American State Bank, is not a party to the appeal. All references to the defendants are limited to Edwin R. Bowers and his wife, Wava L. Bowers. Essentially, the trial court held that buyers were not bound by a promissory note and real estate mortgage held by seller. On appeal, the court of appeals reversed. We vacate the opinion of the court of appeals and affirm the judgment of the trial court.

Plaintiff, R.B. Gray, sold defendants a number of residential income properties under two separate installment contracts. The first was executed on June 6, 1969, and provided for the sale of twelve parcels of real estate for $276,000. The second was dated July 22, 1969, and provided for the sale of four additional properties for $79,000. Each contract was to be paid off in monthly installments, and each contained a clause permitting forfeiture or foreclosure in case of default. Neither required a downpayment.

On July 22, 1969, the date on which the second real estate contract was executed, the parties simultaneously entered into a third agreement, pursuant to which defendants executed a promissory note in the amount of $30,000, secured by a mortgage on real estate other than the real estate covered by the two real estate contracts. No payments were required on this note as long as defendants fulfilled their obligations under the two real estate contracts. In the event of default on those contracts, however, payments on the note were to be made at the rate of $250 a month. These payments were to continue until the entire sum, with interest at eight percent (8%), was paid, even if plaintiff exercised his right to forfeit or foreclose the real estate contracts.

After defendants had made payments under the two real estate contracts for approximately one year, both were defaulted. Plaintiff forfeited defendants' interest in both. The question here is whether plaintiff can now recover on the $30,000 note executed by defendants simultaneously with the second real estate contract. The trial court found against plaintiff on each of the following grounds:

1. The note and mortgage were without consideration;

2. There was a failure of consideration after the plaintiff forfeited the real estate contract;

3. The forfeiture of the real estate contract constituted an election of remedies; and

4. The note and mortgage imposed a penalty which is unenforceable in a court of equity.

On plaintiff's appeal, the court of appeals reversed the trial court on each ground and held defendants were entitled to recover on the note and mortgage. We disagree with the court of appeals on the issue of whether forfeiture of the contracts precludes recovery on the separate note and mortgage. Because this is dispositive of the appeal, we do not reach the other issues.

The court of appeals held that the common law doctrine of election of remedies does not preclude plaintiff's recovery because the contract documents contemplate that his remedies with respect to forfeiture of the two installment contracts and enforcement of the separate note and mortgage shall be cumulative and consecutive. We agree that the doctrine of election of remedies does not preclude distinct and independent grounds of action arising from the same transaction and which may be concurrently or consecutively pursued to satisfaction. *Bolinger v. Kiburz*, 270 N.W.2d 603, 605 (Iowa 1978); 25 Am.Jur.2d *Election of Remedies* § 13 (1966). But this abstract legal proposition is not dispositive of the present dispute. We conclude that under our holdings, plaintiff's recovery is precluded by a substantive legal doctrine

which is separate and distinct from the common law doctrine of election of remedies.

 This conclusion has reference to our holding in *Abodeely v. Cavras,* 221 N.W.2d 494, 497–98 (Iowa 1974) that when a vendor exercises a right of forfeiture against a defaulting vendee, the liability of the latter for the unpaid purchase money is extinguished. While it is true that this result is triggered by the election of a remedy, *i.e.,* the forfeiture of the contract, the end result is not dependent on the doctrine of election of remedies. Such result instead flows from the fact that the contract between the parties has been terminated, thereby extinguishing any right to recover the unpaid purchase price. The same result has been reached in cases involving abandonment or rescission of the contract. *See First National Bank v. LaBarron,* 201 Iowa 853, 855–56, 208 N.W. 364, 366 (1926); *Stephenson v. Neppel,* 192 Iowa 246, 252–53, 182 N.W. 369, 371–72 (1921). We are reluctant to permit circumvention of this result by means of contract clauses which reserve to the vendor a right to receive additional payment after forfeiture.

 In the present case, the contract document designates the separate $30,000 note and mortgage as "additional security." In reality, the record reflects that these were given by the vendee as additional consideration for the July 22, 1969, installment contract. Both the plaintiff and the court of appeals recognize that this is so in dealing with the separate claim of these defendants that there was no consideration for the separate note and mortgage. When the transaction is viewed in this light, we believe that the trial court correctly held that plaintiff's action in forfeiting the real estate contracts precludes his recovery on the separate note and mortgage.

The case which most closely supports this conclusion is *LaBarron,* 201 Iowa at 855–56, 208 N.W. at 366. In that action, there had been two promissory notes delivered as the downpayment for an installment sale of real estate. One of the notes was paid, the other renewed. Later, the vendee default-

ed and the vendor rescinded the contract. By this time, the unpaid note was held by a third party who sought to enforce it against a surety of the vendee. It was held that the note was part of the consideration for the rescinded contract and could not be enforced. We reach a similar result as to the note and mortgage in the present case.

As a result of our conclusions, we vacate the decision of the court of appeals and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF THE TRIAL COURT AFFIRMED.