Richard M. DEHRKOOP, Janice J. Dehrkoop, Karen J. Padgett, J. Riley Padgett, Joyce L. Hansen, and Robert N. Hansen, Plaintiffs–Appellants,

v.

Roger H. DEHRKOOP, Raymond J. Reid, and Marlene E. Reid, Defendants–Appellees.

No. 88–284.

Court of Appeals of Iowa.

Jan. 26, 1989.

James C. Ellefson of Welp, Harrison, Brennecke & Moore, Marshalltown, for plaintiffs-appellants.

Eugene J. Kopecky of Ackley, Kopecky & Kingery, Cedar Rapids, for defendants-appellees.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

DONIELSON, Judge.

Plaintiffs brought an action seeking to partition real estate devised to the parties by their mother's will. The district court ordered the property sold and the proceeds divided among the parties based on their mother's will. The district court did not require Roger Dehrkoop to pay the entire mortgage on the property, to pay rent for the period he was on the farm, or to pay all the estate taxes that would be recaptured upon the sale of the property. Plaintiffs appeal, claiming that Roger should pay the entire mortgage on the farm, that he should pay the federal estate tax recaptured when the property is sold, and that he should be required to pay rent during the period he had exclusive control of the farm.

Pauline Dehrkoop died testate on January 7, 1982, owning a farm subject to a mortgage. Pauline was survived by five children, Roger, Richard, Joyce, Marlene, and Karen. Pauline's will gave Roger the eight and one-half acre farm site plus an undivided one-half interest in the remaining farm. The other one-half interest was devised to the four siblings.

Roger exercised his option to purchase the entire farm from his siblings. As part of his down payment, Roger assumed the mortgage payments due Prudential, the mortgagee. In addition, Roger's purchase of the farm qualified the estate for a reduction in federal estate tax based on a special use valuation of the farm.

In March 1986, Roger failed to make the required contract payments. In early 1987, Roger was served with a notice of forfeiture on the real estate contract, and an affidavit of the forfeiture was filed on April 1, 1987. Roger has remained on the farm, farming the acres devised to him in 1987. Roger enrolled the entire farm in the 1987 farm program.

I. Plaintiffs contend that Roger Dehrkoop should be required to pay the entire Prudential mortgage. Defendants request the trial court order requiring Roger to pay 56.865 percent be affirmed.

Roger exercised his option and entered into a contract for the purchase of the remaining farmland from his siblings. For purposes of computation, the parties determined that each one-half of the remaining farmland equaled 43.135 percent of the entire farm, and the building site of eight and one-half acres calculated to be 13.73 percent.

As part of the purchase price, Roger agreed to assume payments of 43.135 percent of the $12,509 mortgage note due and payable to Prudential Insurance Company. This assumption was part of his down payment. When Roger defaulted on the contract, the sellers elected to forfeit the contract.

When a vendor exercises a right of forfeiture against a defaulting vendee, the liability of the latter for the unpaid purchase money is extinguished. *Gray v. Bowers*, 332 N.W.2d 323, 325 (Iowa 1983). This result flows from the fact that the contract between the parties has been terminated, extinguishing any right to recover the unpaid purchase price. *Id.* Furthermore, the supreme court has said, "we are reluctant to permit circumvention of this result by means of contract clauses which reserve to the vendor a right to receive additional payment after forfeiture." *Id.*

Roger, as owner of 56.865 percent of the farm, is required to pay that percent-

age of the Prudential mortgage. Roger's remaining obligation from the assumption was extinguished when the contract to buy the remaining farm was forfeited. After our de novo review, we find that the district court properly found Roger responsible for 56.865 percent of the Prudential mortgage.

II. The second issue is whether Roger Dehrkoop should be required to pay any federal estate tax which is recaptured as a result of a sale to someone other than a qualified heir. The district court ordered Roger to pay 56.865 percent of any federal estate tax liability that may arise by reason of the early disposition of all this property.

 Federal estate tax is due and payable from the proceeds of the estate rather than the heirs. Iowa Code § 633.449. During the estate proceedings, the parties and the executors elected special use valuation as authorized by section 2032A of the Internal Revenue Code. As a result of this election, there was a savings to the estate of $49,692.64 in federal estate taxes. By agreement of the parties, in the event section 2032A of the Internal Revenue Code had not been elected, the parties would have paid the federal estate tax based on their percentages of ownership, that is, 43.-135 percent to be divided among plaintiffs Richard, Karen, Joyce, and Marlene, and 56.865 percent to be paid by Roger. We agree with the trial court that requiring Roger to pay 56.865 percent is the correct result after forfeiture of the contract by Roger to purchase the remaining one-half interest from his siblings.

 III. Plaintiff's last contention is that Roger Dehrkoop should be required to pay rent for the portion of the farm which belonged to his siblings for the time which he occupied the farm exclusively. The district court found that Roger did not possess any property of the plaintiffs, but exercised his right to an undivided one-half which was given to him by the will of decedent. We disagree.

Roger's purchase contract was forfeited on March 21, 1987. This termination resulted in Roger's ownership of the eight and one-half acres of land with the building site and the undivided one-half interest in the remaining 147 to 148 acres of farmland. Also, Roger testified that he continued to possess the entire farm until the time of trial and he signed up the entire farm in the government farm program for 1987.

Absent an agreement to the contrary, Roger's continued occupancy of the farm implies an agreement to pay the reasonable rental value on the property. *Meier v. Johannsen,* 242 Iowa 665, 47 N.W.2d 793, 796 (1951); 52 C.J.S. *Landlord & Tenant,* § 470, at 355–56 (1968). Roger is therefore liable to the sellers of the property for the reasonable rental value of their property.

Testimony at trial established that $105 per tillable acre is a reasonable rental value. Roger testified that there were 147 or 148 tillable acres on the entire farm. Thus, Roger should pay each of his four siblings one-eighth of 147 acres at $105 per acre, or $1929.37 to each. This amount should be deducted from his share of the partition sale proceeds.

The decision of the district court is affirmed as modified.

AFFIRMED AS MODIFIED.