[No. 30863. Department Two. September 1, 1949.]

NICK BILL et al., *Appellants*, v. VICTOR GATTAVARA et al., *Respondents*.[1]

[1]Reported in 209 P. (2d) 457.

GRADY, J., dissents.

*Hutchinson & Ulvestad,* for appellants.

*Montgomery, Montgomery & Purdue,* for respondents.

SCHWELLENBACH, J.—This is an appeal from a judgment dismissing an action for unjust enrichment. Although the parties to this action are two marital communities, we shall refer to them throughout this opinion as though the sole parties were the two husbands.

During the years 1939 to 1943, inclusive, Nick Bill owned certain real property near Issaquah. Immediately adjoining it was property owned by Gattavara. On January 1, 1939, Gattavara sold, by bill of sale, all timber on his property to Lee Garner. Under the terms of the sale, Garner was to deliver all logs cut from this property to the Issaquah mill, for which Gattavara was to receive directly from the mill $1.95 per thousand stumpage.

Late in the year 1942, Garner orally assigned his contract to one John Schroeder, who, in turn, assigned to a partnership composed of James Hailstone, Martin Schroeder, and Hailstone's son.

Some time in May, 1943, Bill discovered that the partnership had trespassed on his property and was cutting and removing timber therefrom; that 702,000 feet of timber had been cut from Bill's property and delivered to the Issaquah mill; and that Gattavara had received from the mill $1.95 per thousand, or a total of $1,368.90 for the stumpage. Upon a complaint being made to the parties involved, all logging ceased on Bill's property.

In November, 1943, Bill commenced an action for trespass under Rem. Rev. Stat., § 939 [P.P.C. § 103-5], against Hailstone, Garner and wife, and Gattavara and wife, in King county cause No. 348876. After a trial, judgment was rendered on July 23, 1945, against all defendants, for treble damages to the plaintiff's property by reason of the trespass. The judgment was for the total amount of $7,371.00. Subsequently, on appeal, this court, in *Bill v. Gattavara*, 24 Wn. (2d) 819, 167 P. (2d) 434, reversed the judgment of the trial court as to the defendants Gattavara and Garner, holding that they were not engaged in a joint venture with Hailstone, and were not joint tort-feasors; that neither of them were trespassers, nor guilty of any wrongful act of trespass jointly with Hailstone, who, alone, of the named defendants, was guilty of trespass and the resultant damage to Bill's property. This decision was filed March 28, 1946. On June 4, 1947, Bill satisfied in full his judgment against Hailstone in cause No. 348876.

The plaintiff commenced this action for $1,368.90, the amount received by Gattavara for the sale of stumpage on his (plaintiff's) property, alleging that the above sum belongs to him; that Gattavara was unjustly enriched in that amount to his detriment; that he was entitled to recoupment; that Gattavara held that sum in constructive trust for his benefit.

The trial court found:

"IX. That the present action involves the same parties and identical subject matter as King County cause No. 348-876; that the same issues are presented herein and the issues arise out of the same transaction and are dependent upon the same identical evidence and facts as in the former trespass action, King County cause No. 348876."

From the findings, the trial court concluded:

"(1) The satisfaction of the judgment by the plaintiff against Jim Hailstone and wife, King County cause No. 348876, which judgment included full damages for the taking of timber from the plaintiff's property, extinguished any and all rights and causes of action which plaintiff had or might have against the defendants, arising out of that transaction.

"(2) The former trespass action, King County cause No. 348876 is res adjudicata of this present case."

 A person should not be permitted unjustly to enrich himself at the expense of another. The obligation to do justice rests upon all persons; and if one obtains the property of another, or the proceeds of the property of another, without a right to so obtain, equity can, in a proper case, compel restitution or compensation. It is not necessary in order to create an obligation to make restitution or to compensate, that the party unjustly enriched should have been guilty of any tortious or fraudulent act. The question is: Did he, to the detriment of someone else, obtain something of value to which he was not entitled? See 46 Am. Jur. 99, Restitution and Unjust Enrichment.

It is undisputed that respondent obtained the sum of $1,368.90 for stumpage as the result of the trespass of appellant's property by the partnership. Was appellant damaged thereby?

Appellant was damaged because of the trespass, but he has been fully recompensed for his damage by obtaining a judgment for the same in the amount of $7,371.00, which judgment has been satisfied in full.

Rem. Rev. Stat., § 939 [P.P.C. § 103-5], under which the original action of trespass was commenced, provides:

"Whenever any person shall cut down, girdle, or otherwise injure or carry off any tree, timber, or shrub on the land of another person, or in the street or highway in front of any person's house, village, town, or city lot, or cultivated grounds, or on the commons or public grounds of any village, town, or city, or on the street or highway in front thereof, without lawful authority, in an action by such person, village, town or city, against the person committing such trespasses, or any of them, if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefor, as the case may be."

Rem. Rev. Stat., § 940 [P.P.C. § 103-7], provides:

"If upon trial of such action it shall appear that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was his own, or that of the person in

whose service or by whose direction the act was done, or that such tree or timber was taken from uninclosed woodlands, for the purpose of repairing any public highway or bridge upon the land, or adjoining it, judgment shall only be given for single damages."

In *Bailey v. Hayden*, 65 Wash. 57, 117 Pac. 720, this court, in considering the above statute, said:

"We are constrained to hold that the statute, construing the two sections together according to their most obvious intent, contemplates but one measure of damages—the actual and compensatory—which shall be trebled as against the wilful wrongdoer and allowed singly as against the casual or involuntary trespasser."

At the time of the trespass, Bill had the choice of several remedies to obtain redress for the tort committed against his land. He could have brought a common-law action for trespass, as is indicated in *Simons v. Wilson*, 61 Wash. 574, 112 Pac. 653. He could have brought replevin; *Meyers v. Gerhart*, 54 Wash. 657, 103 Pac. 1114; or an action for conversion. He could have waived the tort and sued on the theory of an implied contract; 4 Am. Jur. 502, Assumpsit, § 13. Or he could, as he did, sue for the statutory trespass under Rem. Rev. Stat., § 939. However, these are alternative remedies; thus, a judgment rendered under one bars a subsequent action under another. It was so decided in *Kentucky Stave Co. v. Page*, 125 S.W. (Ky. App.) 170, wherein the court held that a judgment in an action for trespass for the cutting of standing timber would be a bar to another action on the same facts for conversion of the timber. And in *Roberts v. Moss*, 127 Ky. 657, 106 S.W. 297, under facts quite similar to the case at bar, the court held that a prior judgment for conversion for the wrongful cutting of timber was a bar to a subsequent action for the trespass. The court quoted from Van Fleet's Former Adjudication (Vol. 1) 390, § 153:

" 'A trespass upon land and a conversion of goods in one continuous transaction constitutes only one cause of action, so that a recovery for the goods or for the trespass bars an action for the other.' "

In the present case, Bill chose as his remedy for the tort committed against his land the statutory trespass action under Rem. Rev. Stat., § 939. He secured a judgment for treble damages. Now he seeks relief in a subsequent action under the theory of unjust enrichment.

As is noted in *Gladowski v. Felczak*, 346 Pa. 660, 31 A. (2d) 718, the terms "restitution" and "unjust enrichment" are the modern designations for the older doctrine of "quasi contracts." See, also, 66 C. J. 32, Unjust Enrichment. "Quasi contracts" are not true contracts but are obligations created by the law when money or property has been placed in one person's possession, under such circumstances that, in equity and good conscience, he ought not to retain it. *Royal Indemnity Co. v. Lustbader*, 26 N. Y. S. (2d) 328; see, also, 35 Words and Phrases 621. Thus, the substance of an action for unjust enrichment lies in a promise, implied by law, that one will render to the person entitled thereto that which, in equity and good conscience, belongs to the latter. At common law, such actions are brought under the principles of assumpsit; and where the cause of action arises from a tortious wrong, it is the general rule, whether or not there be an express contract, that the injured party may waive the tort and sue in assumpsit, in which case the law will imply a contract on the part of the tort-feasor to pay the injured party a just remuneration for the damages suffered to his property. And this is true where a portion of real property has been severed and converted. 4 Am. Jur. 499, Assumpsit, § 10; 502, § 13; 503, § 14.

Thus, while the action for unjust enrichment is an equitable proceeding, its essence is that of an action *ex contractu*. It is noted in 30 Am. Jur. 948, Judgments, § 215, that the doctrine of *res judicata* applies to a judgment at law even though the subsequent action is equitable. And in 52 Am. Jur. 445, Torts, § 107, the rule is stated that a judgment in an action *ex delicto* may operate as *res judicata* in a subsequent action *ex contractu*. While it is true that, under the reform procedure of our code, the forms of action *ex contractu* and *ex delicto* have been abolished, the principles of law governing these actions remain unchanged.

In the present case, a tort was committed by the trespass upon Bill's timber land. For that trespass, a cause of action against the tort-feasors came into being. While several remedies were available to Bill, he still had but one cause of action. He could have waived the tort and sued on the theory of an implied contract for unjust enrichment. But he could not then, and he cannot now, seek to invoke both remedies. He chose to sue in tort for trespass under Rem. Rev. Stat., § 939, and the judgment for treble damages, which he recovered, fully recompensed him for his damage. That action stands as a bar to the present action and is *res judicata* thereof.

It cannot be denied that Gattavara has $1,368.90 to which he is not entitled, but Bill has failed to establish that *he* is entitled to that fund. The plaintiff had his day in court with full opportunity to litigate the matter. He secured a judgment for treble damages, and having satisfied that judgment, he cannot now claim that he was damaged by Gattavara's obtaining money for stumpage. Gattavara did not receive something of value to which he was not entitled, *to the detriment of Nick Bill.*

Since the present action is barred by the former action of *Bill v. Gattavara, supra*, the trial court properly sustained the defense of *res judicata*.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, and JEFFERS, JJ., concur.

GRADY, J. (dissenting)—I am not in accord with the application made in the majority opinion of the doctrines of *res judicata* and election of remedies to the factual situation presented by the record of this case.

In order that the judgment obtained by Bill against Gattavara in the prior action might be pleaded in bar to the present action, it would have to appear that there was a concurrence of identity in four respects: (1) of subject matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made. *Northern Pacific R. Co. v. Snohomish County*, 101

Wash. 686, 172 Pac. 878; *Johnson v. National Bank of Commerce*, 152 Wash. 47, 277 Pac. 79; *Watkins v. Seattle*, 2 Wn. (2d) 695, 99 P. (2d) 427; *Walsh v. Wolff*, 32 Wn. (2d) 285, 201 P. (2d) 215.

Bill and Gattavara were parties to the former suit, but there the identity disappears. The former suit was an action for trespass upon timber land. This action was one to recover money from one who was not a party to the trespass, but who had received money representing the purchase price of timber taken from the land belonging to Bill, and to which he was entitled. There was no cause of action against Gattavara for trespass. The right to the purchase money for the timber taken from the land of Bill could not have been litigated in the trespass action. The judgment in the trespass action, therefore, did not become *res judicata* of the present action.

When Bill brought his action against Hailstone, Garner, and Gattavara for trespass, he made an election of remedies as to those against whom he had such a cause of action. It developed that he had no such a cause of action against Gattavara, not because of failure to prove existing facts rendering Gattavara guilty of a trespass upon his land, but because Gattavara was not a trespasser and had nothing to do with the trespass committed by others. The remedy he chose was a mistaken remedy. We have decided that, in order to invoke the doctrine of election of remedies as a defense, it must appear that the plaintiff had two or more inconsistent remedies available to him against the defendant, any one of which he was at liberty to pursue. If the remedy chosen is not available to a plaintiff, even though he unsuccessfully pursues it, there has been no election. *Babcock, Cornish & Co. v. Urquhart*, 53 Wash. 168, 101 Pac. 713; *Roy v. Vaughan*, 100 Wash. 345, 170 Pac. 1019; *Spokane Security Finance Co. v. Crowley Lumber Co.*, 150 Wash. 559, 274 Pac. 102; *Labor Hall Assn., Inc. v. Danielsen*, 24 Wn. (2d) 75, 163 P. (2d) 167, 161 A. L. R. 1079.

The judgment obtained by Bill against Hailstone, the trespasser, had no connection with the money received by

Gattavara for the purchase of the timber belonging to Bill, and the fact that Bill accepted a small amount from the judgment debtor in settlement under a threat of bankruptcy did not affect his right to claim the money received by another party for his timber. If Hailstone had paid the judgment in full, then he might be heard to say that Bill had been fully compensated for the timber taken from him, and he therefore was subrogated to Bill's rights against Gattavara, but he did not do so, and neither he nor Gattavara are in any position to say that Bill should not have the money paid for his property.

The money does not belong to the one who bought the timber, as it represents the purchase price thereof. It does not belong to Gattavara, because he had no salable interest in the timber purchased. It does not belong to Hailstone, because he never had any salable interest in such timber. By a mere process of elimination, it must follow that the money belongs to Bill, and be recoverable in this action.