[No. 32727.   Department Two.   August 30, 1954.]

JOHN GERANIOS *et al., Appellants*, v. ANNEX INVESTMENTS, INC., *Respondent*.[1]

[1]Reported in 273 P. (2d) 793.

*Christ D. Lillions*, for appellants.

*Ferguson & Burdell* and *W. Wesselhoeft*, for respondent.

Hill, J.—After sifting down and through the various complexities of pleadings, proof, and legal theories, we find here an action to recover five thousand dollars on the theory of unjust enrichment. It was tried to the court without a jury and was dismissed at the conclusion of the plaintiffs' case because the action, whatever its theory, was barred by the three-year statute of limitations.

We shall, throughout this opinion, refer to the plaintiffs-appellants as Geranios and to the defendant-respondent as Annex.

July 2, 1945, Annex and Geranios entered into a written contract whereby the former agreed to sell and the latter agreed to buy, for fifteen thousand dollars, certain land and the building thereon, which we will refer to as the Geranios property. Geranios assumed "all hazards of damage to or destruction of any improvements," and also agreed to keep the premises insured against loss or damage by fire "for the seller's benefit as interest may appear." Geranios also took out earthquake insurance, which he was not obligated to do, which insurance was in the form of a rider to the fire insurance policy and had no separate loss-payable clause.

April 13, 1949, the building was badly damaged by an earthquake. At that time seven thousand dollars was still due on the contract, and of that amount twenty-five hundred dollars was past due. The insurance company's check for ten thousand dollars, covering earthquake damage, was made payable jointly to Geranios and Annex.

Annex, through its president, J. T. Sheffield, refused to permit Geranios to collect the entire ten thousand dollars. It was finally agreed that five thousand dollars of the insurance proceeds would be paid to Geranios and five thousand dollars would be retained by Annex. Geranios and Sheffield differ as to the status of the latter five thousand dollars, but it is agreed that Geranios retained an interest in it. Not having the risk of loss of the property, the only interest Annex could have had in the proceeds of the in-

surance procured by Geranios would be as security for payment of the purchase price, for which Geranios remained bound under the contract. *Gillingham v. Phelps,* 5 Wn. (2d) 410, 105 P. (2d) 825 (1940).

By November, 1949, Geranios' delinquency under the contract of July 2, 1945, totaled more than thirty-five hundred dollars, but the entire purchase price was not due. Both parties agree that Annex gave Geranios notice of forfeiture of the contract prior to November 16, 1949, on which date a forfeiture action was commenced; and that on November 6, 1950, a judgment and decree was entered in the forfeiture proceeding divesting Geranios of all interest in or claims to the tract to which we have referred as the Geranios property, and vesting title thereto "absolutely" in Annex.

██ When a vendor has given a purchaser under an executory real-estate contract notice of forfeiture and the entire purchase price is not due, the purchaser has a right to acquiesce therein and treat the notice as a waiver of the vendor's right to hold the purchaser for the unpaid balance of the contract. *Croup v. Humboldt Quartz & Placer Mining Co.,* 87 Wash. 248, 151 Pac. 493 (1915); *Blenz v. Fogle,* 127 Wash. 224, 220 Pac. 790 (1923). It follows that Geranios had that right the moment he was served with a declaration of forfeiture. Coincidentally, the right of Annex to hold Geranios for the balance of the purchase price was at an end, and when that right ended there ceased to be any justification for its continued retention of the five thousand dollars, or whatever part thereof it had not expended on the improvement of the Geranios property with the consent of Geranios.

██ Since Geranios had a right to bring an action for unjust enrichment against Annex immediately upon receipt of the notice of forfeiture, his cause of action accrued at that time and started the running of the statute of limitations. *Washington Security Co. v. State,* 9 Wn. (2d) 197, 114 P. (2d) 965, 135 A. L. R. 1330 (1941); *Young v. Seattle,* 30 Wn. (2d) 357, 191 P. (2d) 273, 3 A. L. R. (2d) 704 (1948). The three-year statute of limitations is applicable (*Halver*

*v. Welle,* 44 Wn. (2d) 288, 266 P. (2d) 1053 (1954)), and this action was not commenced within that time.

We have made no mention of the fact that the trial court erroneously took judicial notice of the files in the forfeiture action and that the material parts thereof were not made a part of the record in this case. This error could have in no way prejudiced Geranios, inasmuch as the only material items in that proceeding, the dates on which the forfeiture action was commenced and the decree entered therein, are established by the testimony and the parties are in agreement thereon.

Not having been commenced within three years of the giving of notice of forfeiture of the real-estate contract, which is conceded to have been prior to November 16, 1949, the action for unjust enrichment is barred by the statute of limitations.

The judgment of dismissal is affirmed.

GRADY, C. J., SCHWELLENBACH, DONWORTH, and WEAVER, JJ., concur.

---

November 4, 1954. Petition for rehearing denied.