[No. 1765-2.    Division Two.    January 11, 1977.]

BASIL T. HEDIN, ET AL, *Appellants*, v. C. E. ROBERTS, ET AL, *Respondents*.

*S. Brooke Taylor* and *Taylor & Taylor,* for appellants.

*Jack P. Scholfield, John G. Cooper,* and *Guttormsen, Scholfield & Stafford,* for respondents.

PETRIE, C.J.—On April 2, 1965, plaintiffs, Hedin, owners of an 18-acre tract of land on the shore of Lake Ozette in Clallam County, conveyed to Export Pacific Company "all

of the timber and forest products" located on said tract. The deed provided in part:

If the timber herein bargained for is not removed at the expiration of three (3) years from date of this contract, then all rights of the GRANTEE hereunder shall expire at the end of the third year and title to any forest products remaining on the above described parcel of real estate shall, on that date, revert to SELLERS.

On May 9, 1966, Hedin conveyed the land in question to defendants, Roberts, by a deed which recited in part:

SUBJECT TO THE FOLLOWING:

. . .

Terms and Condition of Timber Deed to Export Pacific Company as contained in deed recorded under Clallam County Auditor's File No. 355285.

For reasons not explained in the record, Export Pacific Company never did log the timber. The Hedins brought this action contending (1) that "all right, title and interest in and to said timber and forest products located on the subject real estate reverted to the plaintiffs as of April 2, 1968," or, alternatively, that defendants have become unjustly enriched without consideration due to a "mutual mistake of a material fact" if they acquired title to the timber through the 1966 deed. After the Roberts answered by admitting the essential facts but denying the conclusionary statements in the complaint, both parties moved for summary judgment supported by memoranda of authorities, the Roberts having expressed in their memorandum a willingness to reimburse the Hedins for sums expended in payment of taxes on the timber.

The court granted the Roberts' motion and dismissed the Hedins' complaint with prejudice. The Hedins have appealed to this court. We affirm the summary judgment of dismissal.

■ We hold, first, that use of the term "subject to" in the 1966 deed did not diminish the quantum of the estate granted, but simply limited the grantors' covenants of warranty. *Moore v. Gillingham*, 22 Wn.2d 655, 157 P.2d 598 (1945). Simultaneously with the filing of this opinion we

have filed an opinion in case No. 2071-2, *Layman v. Ledgett*, 16 Wn. App. 733, 558 P.2d 1378 (1977). For reasons set forth more fully in *Layman v. Ledgett, supra*, we hold that by the 1965 deed, Export Pacific Company acquired the right to cut and remove the standing timber within 3 years, that the Hedins' 1966 deed to the Roberts conveyed title to the tract in fee simple diminished solely by the rights granted to Export Pacific Company by the 1965 deed, that Export Pacific Company's right to cut and remove the timber (and thus translate that right into ownership of the timber) ceased on April 2, 1968, and that thereafter the Roberts' estate in fee simple was no longer encumbered by Export Pacific's rights. Accordingly, the trial court properly dismissed the Hedins' first cause of action.

We turn then to the claim of unjust enrichment. The substance of an action for unjust enrichment lies in a promise, implied by law, that one will render to the person entitled thereto that which, in equity and good conscience, belongs to the latter. *Bill v. Gattavara*, 34 Wn.2d 645, 209 P.2d 457 (1949).

In the case at bench, the Hedins sold the timber rights to Export Pacific Company for a valid consideration with the express expectation that if the grantee exercised those rights within 3 years no timber would be left standing on the premises. The Hedins also sold the estate in fee, diminished by Export Pacific's rights in the timber, to the Roberts for a valuable consideration. If, indeed, the Roberts experienced a windfall, it was not at the expense of the Hedins. Rather, it was simply because Export Pacific failed to translate its cutting rights into ownership in the timber. Thus, no promise implied by law arose which required the Roberts to return to the Hedins that which simply did not belong to the latter. Accordingly, the trial court properly dismissed the Hedins' second cause of action.

Judgment affirmed.

REED, J., and RUMMEL, J. Pro Tem., concur.