[No. 5387–1.   Division One.   July 31, 1978.]

JOHN ECKERT, ET AL, *Appellants,* v. SKAGIT CORPORATION, *Respondent.*

850

*Kent B. Haberly* and *Robert B. Hughes,* for appellants.

*Christensen, O'Connor, Garrison & Havelka, Orland M. Christensen,* and *James W. Anable,* for respondent.

FARRIS, C.J.—John Eckert and Agnes Eckert, husband and wife, appeal from an order dismissing an action for unjust enrichment.

While employed at Skagit Corporation as a machinist, John Eckert developed on his own time a device known as a micrometer caliper attachment. Approximately 18 years prior to filing the complaint, Eckert consented to Skagit's use of the device and Skagit has been using it since that time. Eckert alleges that the use has resulted in substantial cost savings to Skagit and that Skagit, not having compensated him for the use, has been unjustly enriched. The trial court ruled that Eckert's claim was barred by the statute of limitations and by the doctrine of laches.

The 3-year statute of limitations applicable to actions on unwritten contracts, RCW 4.16.080(3), applies to an action for unjust enrichment. *Geranios v. Annex Inv., Inc.* 45 Wn.2d 233, 273 P.2d 793 (1954); *see Dam v. General Elec. Co.,* 265 F.2d 612 (9th Cir. 1958). The complaint alleges that Eckert allowed Skagit to use the micrometer caliper attachment and to benefit from such use for 18 years before instituting suit. On appeal, Eckert argues (1) that his cause of action did not accrue more than 3 years before the complaint was filed, and (2) that even if the action did accrue earlier, it is based upon a continuing

wrong for which he may recover damages sustained during the 3–year period preceding the filing of the complaint.

■ Generally, a cause of action accrues and the statute of limitations begins to run when a party has the right to apply to a court for relief. *Haslund v. Seattle,* 86 Wn.2d 607, 547 P.2d 1221 (1976). An action for unjust enrichment lies in a promise implied by law that one will render to the person entitled thereto that which in equity and good conscience belongs to that person. *Hedin v. Roberts,* 16 Wn. App. 740, 559 P.2d 1001 (1977). The promise to pay, implied by law, is the promise that was broken. While the record does not reflect the precise time of the "breach," it is clear that the fact that Eckert had not been compensated was susceptible of proof during the first 3 years of Skagit's use of Eckert's invention. The cause of action fully matured at that time. More than 3 years passed between the breach and the commencement of this lawsuit.

Eckert argues in the alternative that a continuing use is a continuing wrong and that although he may be barred from recovery for periods prior to the 3 years antedating the filing of suit, he is not cut off from pursuing his claim for damages for use during the statutory period immediately preceding the filing of suit. The "continuing claim" theory is supported by some cases involving the misappropriation of trade secrets.[1] *See Underwater Storage, Inc. v. United States Rubber Co.,* 371 F.2d 950 (D.C. Cir. 1966) and *Koehring Co. v. National Automatic Tool Co.,* 257 F. Supp. 282 (S.D. Ind. 1966). Here, however, there is no misappropriation or other wrong sounding in tort. The complaint alleges:

> 10. That defendant acquired the device approximately eighteen years ago, *by mutual consent of the parties,* and has used it since without compensating plaintiff.

---

[1]The majority of courts, however, have rejected the theory on the ground that the core of a claim for misuse of trade secrets is not the adverse use of the inventor's "property," but the initial rupture of the confidential relationship between the parties. *See Monolith Portland Midwest Co. v. Kaiser Aluminum & Chem. Corp.,* 407 F.2d 288 (9th Cir. 1969) and *M & T Chem., Inc. v. International Business Mach. Corp.* 403 F. Supp. 1145 (S.D.N.Y. 1975).

(Italics ours.) Eckert does not claim to have withdrawn his consent. Thus, the cause of action arose, if ever, when Skagit first made use of the device. The statute of limitations had not been effectively tolled within 3 years of that date; Eckert's claim is barred by RCW 4.16.080(3).

Our holding makes it unnecessary to consider whether the action is also barred by laches.

Affirmed.

CALLOW, J., concurs.

DORE, J. (dissenting)—For the purposes of summary judgment, we must review materials submitted for and against a motion for summary judgment in a light most favorable to the party against whom the motion is made and when evidence is so considered; if reasonable men might reach different conclusions, the motion should be denied. *Duffy v. King Chiropractic Clinic,* 17 Wn. App. 693, 565 P.2d 435 (1977).

Plaintiff's claim was for unjust enrichment. As stated in *Bill v. Gattavara,* 34 Wn.2d 645, 209 P.2d 457 (1949), at page 650:

> As is noted in *Gladowski v. Felczak,* 346 Pa. 660, 31 A. (2d) 718, the terms "restitution" and "unjust enrichment" are the modern designations for the older doctrine of "quasi contracts." See, also, 66 C.J. 32, Unjust Enrichment. "Quasi contracts" are not true contracts but are obligations created by the law when money or property has been placed in one person's possession, under such circumstances that, in equity and good conscience, he ought not to retain it. *Royal Indemnity Co. v. Lustbader,* 26 N. Y. S. (2d) 328; see, also, 35 Words and Phrases 621. Thus, the substance of an action for unjust enrichment lies in a promise, implied by law, that one will render to the person entitled thereto that which, in equity and good conscience, belongs to the latter. At common law, such actions are brought under the principles of assumpsit; and where the cause of action arises from a tortious wrong, it is the general rule, whether or not there be an express contract, that the injured party may waive the tort and sue in assumpsit, in which case the law will

imply a contract on the part of the tort–feasor to pay the injured party a just remuneration for the damages suffered to his property.

As we have no affidavits available to us in this case, we must look to the pleadings to determine the facts of the case.

Paragraphs 10, 11, 13 and 14 of the complaint provide as follows:

10. That defendant acquired the device approximately eighteen years ago, by mutual consent of the parties, and has used it since without compensating plaintiff.

11. That the failure to compensate plaintiff for the use of said device has resulted in and will continue to result in the unjust enrichment of defendant corporation.

13. That for *each year* of defendant's use of said device plaintiff has suffered damages in an amount not now known but to be proved at the time of trial.

14. That for *each year* that defendant continues to use said device, plaintiff will suffer damages in an amount not now known but to be proved at the time of trial.

(Italics ours.)

The majority, in reading the pleadings, came to this conclusion:

The promise to pay, implied by law, is the promise that was broken. While the record does not reflect the precise time of the "breach," it is clear that the fact that Eckert had not been compensated was susceptible of proof during the first 3 years of Skagit's use of Eckert's invention. The cause of action fully matured at that time. More than 3 years passed between the breach and the commencement of this lawsuit.

However, from reading the complaint, and resolving the inferences in favor of the nonmoving party plaintiff, one could find that there was an agreement by defendant to pay plaintiff at the end of *each year,* in accordance with paragraphs 13 and 14 of the complaint. Consequently, the statute of limitations of 3 years would run at the end of each year of each agreement. In other words, the complaint could be interpreted to be a suit for unjust enrichment on 18 separate yearly causes of action. By such interpretation,

15 years of damages would be barred by the statute of limitations but the remaining 3 years of claimed compensation would still be viable.

The majority, in reaching its conclusion, inappropriately gave the benefit of inferences to the moving party which they are not allowed to do.

In any event, there is nothing in the majority opinion to prevent plaintiff from repossessing his tool, and negotiating a compensation agreement prospectively.

I would reverse the trial court's judgment of dismissal.