107 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CHINA XINGHUA INDUSTRIES GROUP, INC., Formerly Known as
Beijing Xinghua Industries (Group), an Agency of
the People's Republic of China,
Plaintiff-Appellant,
v.
William WHEELER and Jacquelyn J. Wheeler, Husband and Wife
Individually and Their Marital Community; d/b/a/Wheeler &
Associates, Inc.; Richard S. Twiss and Elizabeth Twiss,
Husband and Wife, and Their Marital Community, d/b/a Wheeler
& Associates, Inc.; and Wheeler China, Inc., a Washington
Corporation, Defendants-Appellees.
TOP RANK, INC., a New York Corporation, Plaintiff-Appellee,
v.
BEIJING XINGHUA INDUSTRIES (GROUP), INC., an Agency of the
People's Republic of China, Defendant,
and
William Wheeler, et ux., et al.; Wheeler China, Inc., a
Washington Corporation; and Wheeler & Associates,
Inc., Claimed Corporation d/b/a Wheeler
China, Inc., et ux., et al.;
Defendants-Appellants.
 No. 94-35761.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 19, 1996.
Decided Feb. 03, 1997.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and Brewster, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Twiss and Wheeler claim insufficient evidence was adduced at trial to send the fraud claims to the jury, and they further challenge the jury's verdict, as well as numerous of the district judge's factual findings, as not supported by the evidence. We find that all were supported by sufficient evidence.
 
 
 4
 The district judge also did not err in deeming Twiss and Wheeler partners as a matter of law. Substantial evidence supports the findings that Twiss consented to Wheeler's representations to China Xinghua officials that Twiss and Wheeler were partners and that China Xinghua relied on these representations to its detriment. Wash.Rev.Code 25.06.160(1). Though they used "Wheeler & Associates, Inc." letterhead for some correspondence, Twiss and Wheeler were personally liable for their personal tortious conduct, whether they engaged in torts while employed by a corporation or not. Grayson v. Nordic Constr. Co., 92 Wash.2d 548, 553-54, 499 P.2d 1271, 1274 (1979).
 
 
 5
 Twiss and Wheeler argue that China Xinghua's release of Wheeler China, Inc. released them individually under the English rule that release of one joint tortfeasor releases all. Regardless of whether the English rule is still good law in Washington, it would not apply here because Wheeler and Twiss expressly agreed to a reservation of rights against other defendants including themselves. The release says that it "shall not reduce the amount of CX's judgment against any other defendants in the litigation except where there is actual money paid [which] shall reduce the obligations ... against the other defendants, dollar for dollar." Release par. 7.B.
 
 
 6
 Remarkably, Wheeler and Twiss argue that language even more explicit in reserving China Xinghua's rights against them by name was deleted because they "intended to claim release after the Agreement was executed." The estoppel is so plain as to suggest fraud in the inducement of the release by Wheeler and Twiss. Even if true, this argument would create but another ground why the release would not bar relief against them.
 
 
 7
 Wheeler and Twiss also argue that release of their wives released them under the English rule. The record, however, contains no release of their wives. There is a voluntary nonsuit as to the wives at the conclusion of the evidence, but a nonsuit obviously is not a release.
 
 
 8
 Wheeler and Twiss argue that the district court committed reversible error by denying their request that venireman Smithrud be excused for cause. Smithrud did not sit on the jury because Wheeler and Twiss peremptorily disqualified him. Because this is a case of discretionary denial of a challenge for cause and grant of a peremptory challenge, United States v. Annigoni, 96 F.3d 1132 (9th Cir.1996) (en banc), regarding erroneous denial of a peremptory challenge, is not in point.
 
 
 9
 Smithrud volunteered, when asked why his impartiality might be questioned, that his mother was murdered by a black person, so there might be a perception that he was prejudiced against blacks. The judge told him that plaintiffs were entitled to "a completely fair and impartial juror," and asked him if he could "be that person." Smithrud said "I think I probably could, yes." While granting the challenge for cause would have eliminated the only issue that gives us pause on appeal, we conclude that the district court did not abuse its discretion in denying it.
 
 
 10
 District courts have broad discretion in determining the competency of jurors. United States v. Poschwatta, 829 F.2d 1477, 1484 (9th Cir.1987). We have several precedents regarding "I think I can" responses, and we have repeatedly sustained denials of challenges for cause. See Bashor v. Risley, 730 F.2d 1228, 1237 (9th Cir.1984); United States v. Alexander, 49 F.3d 1477 (9th Cir.1995); United States v. Daly, 716 F.2d 1499 (9th Cir.1983). The reason is that the district judge can listen to and look at the venireman's demeanor during the colloquy. Patton v. Yount, 467 U.S. 1025, 1038 (1984). One can imagine, for example, Smithrud putting the emphasis on the words "could" and "yes," and appearing frank and forthright, so that the judge thought him to be a man without racial prejudice and with a strong sense that he should disclose truths which might be of concern. One can also imagine a venireman emphasizing the word "think" and appearing reluctant, so that the judge could have thought him to be a person who felt racially prejudiced but obligated to give an appropriate rather than an entirely frank response. The district judge was there, and we were not, so our deferential review under the abuse of discretion standard saves the judge's ruling from reversal.
 
 
 11
 The district judge correctly credited moneys deposited in the registry against the portion of the judgment attributable to the equitable claims. China Xinghua's legal claims did not bar its equitable claims, nor vice versa, and the district judge carefully drafted his judgment to prevent double recovery. See Barney v. Safeco Ins. Co. of Am., 73 Wash.App. 426, 428, 869 P.2d 1093, 1094 (1994).
 
 
 12
 The district judge's findings of fact and conclusions of law as to equitable claims for unjust enrichment and moneys had-and-received were not inconsistent with the jury's verdict on China Xinghua's conversion claims. Cf. Public Utility No. 1 v. Washington Pub. Power Supply System, 104 Wash.2d 353, 378-79, 705 P.2d 1195, 1211 (1985), corrected 713 P.2d 1109 (1986), with Bill v. Gattavara, 34 Wash.2d 645, 648, 209 P.2d 457, 459 (1949). The judge's findings that Twiss and Wheeler made misrepresentations and that those misrepresentations induced certain actions by China Xinghua, do not conflict with the jury's implicit finding, which is supported by substantial evidence, that at least some of the misrepresentations were negligent.
 
 
 13
 The district judge did not erroneously decide China Xinghua's claim for an accounting after it had been abandoned; he did not order an accounting. Though the district judge discussed Wheeler's and Twiss's possible breaches of fiduciary duties, there was no need for a jury determination of this issue, because such a determination was not necessary to the judge's conclusion that Twiss and Wheeler were unjustly enriched. Bill, 209 P.2d at 459. None of the district judge's challenged evidentiary rulings were abuses of discretion. CX may maintain an action for unjust enrichment because the alleged oral contracts were neither valid nor enforceable due to appellants' fraudulent conduct. See Maki v. Aluminum Bldg. Prod., 73 Wash.2d 23, 27, 436 P.2d 186, 188 (1968). Finally, since China Xinghua's claim for damages was liquidated, the district judge's prejudgment interest award was appropriate under Washington law. Wash. State Hop. Prod. v. Goshie Farms, 112 Wash.2d 694, 708, 773 P.2d 70, 78 (1989).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Rudi M. Brewster, United States District Judge, for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3