# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DAVID J. DOUGHERTY, an individual,<br><br>Appellant,<br><br>v.<br><br>SAMANTHA R. POHLMAN, in her capacity as personal representative of the ESTATE OF RAVEN J. DOUGHERTY,<br><br>Respondent. | No. 53746-0-II<br><br><br>UNPUBLISHED OPINION |

GLASGOW, J.—David J. and Raven J. Dougherty dissolved their marriage in 2005 but remained in a relationship until 2015. In the dissolution, Raven[1] was awarded as her separate property a piece of undeveloped land in Buckley, Washington. David, a general contractor, helped design and construct a home on Raven's property that was completed in 2008. Raven and David lived together in the completed home until they ended their relationship.

In 2015, David sent a demand letter to Raven, alleging that she had orally agreed to compensate him for working on the house but recently refused to do so. Raven denied an agreement existed, claimed David owed her money under the prior dissolution decree, and refused to compensate him. Raven died in 2018.

In 2018, David sued Raven's estate and the parties proceeded to trial on his unjust enrichment and quantum meruit claims. At the close of David's case, Raven's estate brought a CR

---

[1] We use the parties' first names for clarity.

41(b)(3) motion to dismiss, arguing that David's claims were untimely under the three-year statute of limitations. The trial court granted the motion to dismiss, and we affirm.

FACTS

David and Raven's marriage was dissolved in 2005 in Illinois. Raven owned undeveloped property in Buckley, and the court awarded it to her as separate property. Despite ending their marriage, David and Raven remained in a relationship and lived together until separating in 2015.

David was a general contractor who built houses and owned an overhead door installation business. From 2005 to 2008, David and Raven spent summers in Illinois and winters in Washington. While in Washington, they lived in a motor home on Raven's Buckley property while building a house there. David designed the house with the assistance of an architect friend. David constructed many portions of the house and supervised subcontractors who completed specialized tasks.

Raven kept a handwritten journal during the construction process. The journal chronicled the progress of the house and included photographs of David working on the house.

The house was completed in 2008. David and Raven then periodically lived in it together. David continued to split his time between Washington and Illinois, and he lived in the completed Buckley house for multiple months-long stretches until 2015.

Raven was diagnosed with terminal cancer in 2014. In 2015, David and Raven separated and ended their relationship. In December 2015, David hired an attorney who sent a demand letter to Raven asserting that she had orally agreed to grant David a 50 percent ownership interest in the property and "to secure that interest by deed" in exchange for construction work David performed. Clerk's Papers at 330. The letter indicated that Raven refused to do so for the first time in 2015.

Raven's counsel responded, arguing that David had no right to an ownership interest in the property or monetary payment. Instead, the letter asserted that David still owed Raven money under the dissolution decree.

In 2017, David and Raven filed cross motions for civil contempt in Illinois to enforce provisions of the 2005 dissolution decree. During the contempt hearing, David testified about his work on the Buckley house and argued that he and Raven had orally agreed that the value of the time and labor he put into the Buckley house offset most of the money he owed Raven under the dissolution decree. David did not file any express or implied contract claims in conjunction with his cross motion for contempt. The Illinois court denied both motions, finding that neither party established willful noncompliance.

In 2018, Raven died from cancer. Samantha R. Pohlman, Raven's daughter from a prior marriage, was appointed personal representative of Raven's estate. David filed a creditor's claim against Raven's estate seeking $208,372.43, the amount he said Raven owed him for his work on the house. The estate rejected David's creditor's claim.

Later in 2018, David filed a complaint in the Pierce County Superior Court against Raven's estate to enforce the alleged oral agreement to give him a 50 percent ownership interest in the property, bringing multiple causes of action including unjust enrichment and quantum meruit. The trial court dismissed several claims on summary judgment, but David's claims for unjust enrichment and quantum meruit survived. The parties proceeded to trial on the unjust enrichment and quantum meruit claims only.

After David's case in chief, the estate moved to dismiss under CR 41(b)(3), arguing in part that David's claims were barred by the three-year statute of limitations. The estate contended that

David could have filed his unjust enrichment and quantum meruit claims as early as 2008, when he finished constructing the house, meaning his claims accrued in 2008. Because David waited until 2018 to file his claims, the estate argued that the statute of limitations had expired.

David responded that his implied contract claim did not begin accruing until 2015, when he alleged Raven first unequivocally refused to convey to him a 50 percent ownership interest in the property. David's counsel explained, "Prior to [2015] . . . based on his belief that there had been an oral agreement or an agreement with Raven, [David] believed there was an actual contract at the time. It was [not] until that belief was rebutted that he was able to . . . pursue" his unjust enrichment and quantum meruit claims. Verbatim Report of Proceedings (VRP) (July 31, 2019) at 109.

The trial court granted the estate's CR 41(b)(3) motion and dismissed David's remaining claims based on the statute of limitations. The trial court held that no evidence admitted in David's case in chief established that his claims accrued any later than 2008 when the construction was complete.

David appeals the trial court's CR 41(b)(3) ruling dismissing his unjust enrichment and quantum meruit claims based on the statute of limitations.[2]

---

[2] David also challenges several of the trial court's evidentiary rulings, including the trial court's exclusion of the contents of the 2015 letters between David's and Raven's counsel. And the estate raised several alternative arguments in support of affirming the trial court's dismissal. Because the statute of limitations issue is dispositive and does not rely on the contents of the 2015 letters, we do not reach any of these arguments.

ANALYSIS

David contends that the trial court erred by dismissing his claims as untimely under the three-year statute of limitations because he claims that the statute of limitations did not begin running until 2015 when, he says, Raven first told him she would not give him an interest in the real property. David argues that an unjust enrichment claim cannot accrue until the unjust retention of a benefit is "unequivocal," and the 2015 letter would have established that this did not occur until 2015. Br. of Appellant at 16-19.

The estate responds that a cause of action accrues when a party has the right to bring a claim for relief in court. The estate argues that David worked on the house from 2005 to 2008, and he could have brought an unjust enrichment or quantum meruit claim well before he did so in 2018, a decade after he completed the work in question.

To grant a motion to dismiss as a matter of law under CR 41(b)(3), a trial court must "view the evidence in the light most favorable to the plaintiff and rule as a matter of law that the plaintiff has failed to establish a prima facie case." *Hendrickson v. Dep't of Labor & Indus.*, 2 Wn. App. 2d 343, 352, 409 P.3d 1162 (2018). We review such dismissals de novo "viewing the evidence in the light most favorable to the plaintiff." *Rufin v. City of Seattle*, 199 Wn. App. 348, 357, 398 P.3d 1237 (2017). The application of a statute of limitations is also a question of law that we review de novo. *In re Miller Testamentary Credit Shelter Tr.*, 13 Wn. App. 2d 99, 104, 462 P.3d 878 (2020).

A.      Elements of David's Claims and Their Three-Year Statute of Limitations

To prove unjust enrichment, the plaintiff must establish three elements: "(1) the defendant receive[d] a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Young v. Young*, 164 Wn.2d

477, 484-85, 191 P.3d 1258 (2008). "Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Id.* at 484. To prove quantum meruit, the plaintiff must establish the existence of a contract implied in fact and must prove that (1) the defendant requested work, (2) the plaintiff expected payment for the work, and (3) the defendant knew or should have known the plaintiff expected payment for the work. *Id.* at 484-85.

Under RCW 4.16.080(3), "an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument" must be "commenced within three years" of accrual. "[T]he statute of limitations applicable to a common law cause of action for unjust enrichment . . . is equivalent to a cause of action for . . . implied in law [contract and] . . . is three years." *Davenport v. Wash. Educ. Ass'n*, 147 Wn. App. 704, 737, 197 P.3d 686 (2008).

Here, both parties agree that the applicable statute of limitations period for both claims is three years, but they dispute when the three-year period accrued. The parties do not dispute that David last performed work on the home on Raven's property in 2008, and Raven did not pay him money or deed him an interest in the property at or after that time.

B.     Unjust Enrichment

In *Eckert v. Skagit Corp.*, the plaintiff was a machinist who had developed a device on his own time that the defendant, Skagit Corporation, had been using for about 18 years before Eckert filed his complaint for unjust enrichment. 20 Wn. App. 849, 850, 583 P.2d 1239 (1978). Eckert claimed use of the device had resulted in significant cost savings to the corporation and the corporation had been unjustly enriched. *Id.*

The *Eckert* court explained, "Generally, a cause of action accrues and the statute of limitations begins to run when a party has the right to apply to a court for relief." *Id.* at 851. The court agreed that the promise to pay implied in law based on "equity and good conscience" was broken. *Id.* While the record did not reflect a precise time when the claim for unjust enrichment accrued, it was "clear that the fact that Eckert had not been compensated was susceptible of proof during the first [three] years of [the corporation's] use of Eckert's invention. The cause of action fully matured at that time." *Id.* The applicable statute of limitations was three years, and more than three years passed between accrual and commencement of the lawsuit. *Id.*

As in *Eckert*, David's cause of action fully matured when he completed his work on the home because it was susceptible of proof then. Because Raven had neither transferred a property interest to David nor paid him for his work on the property, David could have argued in 2008 when he completed work on the house that (1) he had conferred a benefit on Raven, (2) he did so at his expense, and (3) it was unjust for Raven to retain that benefit without compensating him.

David argues that under *Dragt v. Dragt/DeTray, LLC*, 139 Wn. App. 560, 576, 161 P.3d 473 (2007), an unjust enrichment claim requires the *unjust* retention of a benefit, and Raven did not unjustly retain the benefit of his work until she expressly refused to pay him in 2015. But the *Eckert* court did not require that the time of accrual be precisely defined where it was clear that more than three years had passed between the time when the claim was susceptible to proof and the complaint. In this case, David went uncompensated for several years after he became entitled to compensation because he had completed his work on the property in 2008.

We also reject David's assertion that unjust retention and repudiation must be unequivocal and that this did not happen until Raven responded to his attorney's letter in 2015. David cites

*Alaska Pacific Trading Co. v. Eagon Forest Products, Inc.*, 85 Wn. App. 354, 365, 933 P.2d 417 (1997), for this proposition, but this case is not applicable because it addresses contractual repudiation, not unjust enrichment. *Alaska Pacific* thus does not support a requirement that the unjust retention of a benefit be unequivocal. Similarly, David's reliance on *Wallace Real Estate Investment, Inc. v. Groves*, 124 Wn.2d 881, 898, 881 P.2d 1010 (1994), is misplaced because *Wallace* deals with anticipatory breaches, not unjust enrichment.

David's unjust enrichment claim accrued more than three years before David brought his unjust enrichment claim.

C.      Quantum Meruit

Like his unjust enrichment claim, David's quantum meruit claim was susceptible to proof and also accrued no later than 2008. David could have argued in 2008 that (1) Raven solicited David's construction of the house, (2) David expected to be compensated for it, and (3) Raven knew David expected to be compensated.

David argues that he was incapable of pursuing any quantum meruit claim until 2015, when Raven allegedly first refused to convey to him a 50 percent ownership interest in the property under the alleged oral agreement. David argued at trial that "[p]rior to [2015] . . . based on his belief that there had been an oral agreement or an agreement with Raven, [David] believed there was an actual contract at the time. It was [not] until that belief was rebutted that he was able to then pursue" his implied contract claim. VRP (July 31, 2019) at 109.

We reject this argument because an implied contract claim begins to accrue when the evidence of the claim is sufficiently matured to establish the elements in court, not the date when the plaintiff realizes they could bring a claim. *See 1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158

Wn.2d 566, 575-76, 590, 146 P.3d 423 (2006). Contract claims like the one here do not "accrue[]" when the plaintiff *learns* that [they have] a legal cause of action; rather, the action accrues *when the plaintiff discovers the salient facts underlying the elements of the cause of action*." *Id.* at 576 (emphasis added). Even if David believed Raven would compensate him at some point with a 50 percent ownership interest in the property, the salient facts underlying his implied contract claim rested on knowledge David already had in 2008—that he had constructed a house for Raven believing he would be compensated, yet he did not receive compensation.

In sum, we affirm the trial court's dismissal of David's claims because he did not bring them within the three-year statute of limitations. David's argument that the statute of limitations should have been tolled because he believed until 2015 that Raven would compensate him for his work on the property, is incorrect under the proper analysis of accrual for unjust enrichment and quantum meruit claims.

Because we hold that the three-year statute of limitations for David's claims had expired by the time he filed his lawsuit, the parties' arguments as to the admissibility of the contents of the letters exchanged in 2015, as well as their arguments regarding the admissibility of other evidence, are irrelevant. We therefore do not address any of the remaining arguments.

CONCLUSION

We affirm the trial court's CR 41(b)(3) dismissal of David's claims because the statute of limitations had run before David filed his complaint and they were untimely.

No. 53746-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Sutton, A.C.J.

Cruser, J.