### In re ZITRON.

#### (District Court, E. D. Wisconsin. February 8, 1913.)

**1. INSURANCE (§ 580*)—RIGHT TO PROCEEDS—MORTGAGEE.**

A contract by a mortgagor or purchaser under a conditional sale contract to provide insurance as additional security, although he has violated it by taking the insurance in his own name, will be given effect in equity through a lien against the proceeds of the insurance after a loss.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1439–1443; Dec. Dig. § 580.*]

**2. BANKRUPTCY (§ 143*)—PROPERTY PASSING TO TRUSTEE—PROCEEDS OF INSURANCE—CONDITIONAL SALE CONTRACT.**

Where a contract of conditional sale, which, although not filed as required by statute, was valid between the parties, required the purchaser to insure the property for the benefit of the seller, but he insured it in his own name, and it was destroyed by fire within four months prior to his bankruptcy, not having been paid for, the seller became at once equitably entitled to the insurance proceeds, and his right thereto was not affected by the subsequent bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224; Dec. Dig. § 143.*]

**3. BANKRUPTCY (§ 188*)—LIEN—WAIVER.**

The filing of an ordinary claim against the estate of a bankrupt by one who sold him property by a contract of conditional sale was not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

inconsistent with the assertion of a lien on the insurance proceeds of the property, and not a waiver of the lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–295; Dec. Dig. § 188.*]

In Bankruptcy. In the matter of William Zitron, bankrupt. On review of order of referee. Affirmed.

The matter comes before the court upon the petition to review the determination of the referee of the right of the intervener, United Refrigerator Ice Machine Company, arising under the following facts:

On February 4, 1911, the Racine Refrigerator & Ice Machine Company made a contract with Zitron Mercantile Company to furnish and install for the latter certain refrigerator machinery and equipment described in the contract for the sum of $4,000. The terms of payment were to be $250 in cash, balance upon notes, with interest at 6 per cent. as specified. Such contract contains the following provision: "All property rights in this plant shall remain in us until all money payable hereunder shall have been paid in full to us (vendor) in cash, but you (vendee) shall keep said property insured for our benefit while on your premises and hold us harmless from loss by fire or otherwise." This contract was not filed for record as required under section 2317 of the Statutes of Wisconsin relating to conditional contracts, until April 5, 1912, after the institution of bankruptcy proceedings. The Refrigerator Company fulfilled the contract, receiving the cash payment of $250, but the notes for deferred payments were never executed, nor were any further payments ever made.

In March, 1911, the vendee, the Zitron Mercantile Company, dissolved, and Zitron, the bankrupt, succeeded to its rights and assumed the liabilities of the above-mentioned contract. In May, 1911, the vendor Racine Refrigerator & Ice Machine Company was succeeded in interest under such contract by the herein intervener and petitioner, United Refrigerator Ice Machine Company. Zitron, the bankrupt, carried insurance in his own name upon the stock and fixtures, including the refrigerator plant installed as mentioned, to the amount of $16,000, but no part of the insurance was by its terms payable to the vendor or to the herein intervener, assignee.

On January 12, 1912, all the property was destroyed by fire, and on February 3, 1912, Zitron made a voluntary assignment for the benefit of his creditors, which was followed April 3, 1912, by a voluntary petition in bankruptcy, upon which adjudication was had April 16, 1912, the trustee herein being elected May 10, 1912.

On June 11, 1912, the intervener filed two separate claims upon the contract mentioned for a balance of $3,830.52, and also $363.29 for a motor and additional equipment, and claimed an equitable lien, as hereafter stated. The total insurance carried by the bankrupt on his furniture and fixtures, including the specified refrigerator plant, was $7,000, and the total loss claimed thereon was $7,581.13, on which the loss on the refrigerator plant complete, together with the motor and connections, was claimed to be $4,202.20. This insurance was adjusted at 85 cents on the dollar, and the trustee received from the insurers $13,600 upon the policies of $16,000 covering the entire stock, fixtures, refrigerating plant, etc.

On July 15, 1912, and after the trustee had received these insurance moneys, the claimant, United Refrigerator Ice Machine Company, filed its intervening petition to establish an equitable lien upon $4,202.20 of such fund. The petition was answered by the trustee, and, after a trial, the referee awarded to the intervener a lien against said funds in the sum of $3,928.22, after deducting therefrom $766.10, the amount of a dividend theretofore received, and the trustee was adjudged to pay to the intervener such balance, to wit, $2,805.77.

The trustee asks for a review of such determination.

B. F. Saltzstein, of Milwaukee, Wis., for trustee.

Glicksman, Gold & Corrigan, of Milwaukee, Wis., for claimant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GEIGER, District Judge (after stating the facts as above). The question is whether the intervener can claim an equitable lien upon the insurance fund now in the hands of the trustee. Treating the bankrupt and the intervener as original parties, the facts are briefly these: The intervener, as vendor, agreed to manufacture for and sell to the bankrupt, as vendee, a certain equipment, the title to which was to remain in the vendor until the purchase price was paid. The vendee agreed to insure the property for the benefit of the vendor. The contract of conditional sale was not filed. The property is destroyed by fire, and the vendee is then adjudicated a bankrupt.

[1] What were the rights of the parties at the time when the fire occurred? Clearly, bankruptcy not having intervened, the contract of conditional sale was valid between the parties. The contract for insurance was equally valid, though it had not been in form executed for the benefit of the vendor. The latter, the fire having occurred, could then, as against the vendee, have asserted its right to a lien against the insurance proceeds; and the vendee, having breached his obligation, could not urge that such proceeds belonged to him freed from such lien. Wilder v. Watts (D. C.) 138 Fed. 426; Hanson v. Blake (D. C.) 155 Fed. 342; Re Little River Lumber Co. (D. C.) 92 Fed. 585; Re West Norfolk Lumber Co. (D. C.) 112 Fed. 759; Chipman v. Carroll, 53 Kan. 163, 35 Pac. 1109, 25 L. R. A. 305; Miller v. Aldrich, 31 Mich. 408; Re Sands Brewing Co., 3 Biss. 175, Fed. Cas. No. 12,307. These cases and many others treat as elementary the doctrine that, where a covenant has been entered into to provide insurance as additional security, such covenant, though the mortgagor or vendee breaches it by taking the insurance in his own name, will nevertheless be given effect in equity through a lien against the proceeds after a loss has occurred.

[2] It is equally clear that the matter is not to be considered as an effort by the intervener to follow property previously covered by a conditional contract of sale. The proceeds are not to be deemed as the equivalent of the property, but, on the contrary, the mortgagee or vendor is awarded the benefit of the covenant, giving to him that which, had such covenant been performed, would have come directly from the insurer as of the time when the loss occurred. Viewing it in this light, it is clear that, immediately upon the occurrence of the fire and before bankruptcy had intervened, the equitable lien against the fund arose, and could have been enforced by appropriate action. So, too, if the bankrupt, instead of being obliged to go through the form of preparing and submitting proofs, could have instantly received the insurance proceeds, he could have forthwith paid the proper proportion to the intervener in satisfaction of its lien. In neither event could the trustee contend that a preference was sought or allowed. The situation, in my judgment, is different from that disclosed in Brown City Savings Bank v. Windsor (C. C. A.) 198 Fed. 28, where it was held that insurance proceeds arising from a loss on property covered by a preferential mortgage should be deemed the equivalent of the property, and therefore subject to be reclaimed by the trustee. It was there observed that, the mortgage having been given

within four months and therefore preferential, the insurance covenant was likewise infirm. But, in the matter at bar, the contract, though not filed, was at the time of the fire valid between the parties, and, when bankruptcy intervened, the property was no longer in existence. The insurance fund at once became impressed with the lien arising under a covenant valid against the trustee, regardless of filing or record. The contention of the trustee may be fairly tested by considering whether creditors who had attached the insurance fund could claim a right superior to that of the intervener. They clearly would not be regarded as purchasers of the fund without notice; but, on the contrary, would attach merely the vendee's interest. The trustee, under the bankruptcy act, as amended by act of June 25, 1910, is in no better position.

[3] The filing of an ordinary claim by the intervener was consistent with his assertion of the lien, and cannot be considered as an election to waive it. Neither can the failure to file the conditional sale contract be urged as laches. The petition to intervene was filed soon after the funds came to the hands of the trustee, and it does not appear that the delay, if any, was prejudicial.

Upon argument, reference was made to an erroneous calculation of the proportion of the insurance fund to be subjected to the lien. The matter may be held open for correction by the referee of such error.

The order of the referee, except as last noted, is affirmed.