Hazel MARTIN, an individual, Plaintiff-Appellant,

v.

TOWER INSURANCE COMPANY, INC., a corporation, Defendant-Respondent,

Patrick RATHBURN and Kathleen Rathburn, individuals, Defendants.†

Court of Appeals

*No. 83–1354. Submitted on briefs February 20, 1984.— Decided April 17, 1984.*
(Also reported in 349 N.W.2d 90.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Thomas P. Schwaba* of Marinette.

For the respondent the cause was submitted on the brief of *James A. Morrison* and *Jabas & Morrison, S.C.,* of Marinette.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   Hazel Martin appeals a summary judgment dismissing her complaint against Tower Insurance Company.   Although Martin was named the mortgagee of property included in an insurance policy Tower issued to Patrick and Kathleen Rathburn, the trial court concluded that Martin had no claim against Tower for fire damage to the property because the Rathburns had no insurable interest in the property when Tower issued its policy to them.   Because under sec. 631.07(4), Stats., a policy is not invalid merely because the policyholder lacks an insurable interest, we reverse the judgment and remand this matter to the trial court with directions to reinstate the complaint.

The Rathburns operated a resort on Martin's property. Although Martin obtained a foreclosure judgment terminating their land contract interest in the property, the Rathburns resisted Martin's efforts to have them evicted. They remained on Martin's property operating the resort without her permission when they applied for and were issued a business owners' policy by Tower.   The policy covered the resort building and designated Hazel Martin as "mortgagee," to whom payment would be made for casualty loss to the building.

Less than a month after Tower issued the policy, fire damaged the building. When Tower rejected Martin's claim, she filed this action. Tower, without answering, moved to dismiss the complaint for failure to state a claim upon which relief could be granted. The trial court, as allowed by sec. 802.06(2), Stats., considered Tower's motion as one for summary judgment and ordered Martin's complaint dismissed. Since the trial court in effect determined that there was no genuine dispute of any material facts and that Tower was entitled to judgment as a matter of law, we will consider its order as a judgment. *See* sec. 802.06(2), Stats.

Martin argues that sec. 631.07(4) precluded the trial court from invalidating the insurance policy based only on the Rathburns' lack of an insurable interest.[1] The trial court did not indicate another basis for its decision. The interpretation of a statute is a question of law that we decide independently of the trial court. *Nelson v. Union National Bank,* 111 Wis. 2d 313, 315, 330 N.W.2d 225, 226–27 (Ct. App. 1983).

█

Tower was not entitled to summary judgment as a matter of law. Section 631.07(4) provides that "[n]o insurance policy is invalid merely because the policy-holder lacks insurable interest." The statute also permits a trial court to order the proceeds paid to someone other than the policy's designated payee if the person is equitably entitled to the proceeds.[2]

---

[1] Martin also argues that the Rathburns had an insurable interest and that there were issues of material fact. Our interpretation of § 631.07(4), Stats., however, makes consideration of these questions unnecessary.

[2] Section 631.07(4), Stats., provides:

Effect of Lack of Insurable Interest or Consent. No insurance policy is invalid merely because the policyholder lacks insurable interest or because consent has not been given, but a court with appropriate jurisdiction may order the proceeds to be paid to someone other than the person to whom the policy is designated

The trial court's decision imposed equitable entitlement as a requirement for payment under the policy. This requirement is not contained in the statute. Payment based on equitable entitlement is only an option available if justice requires payment to someone other than a designated payee. The trial court did not determine that there was such a person in this case. Instead, it apparently considered the equitable entitlement option to be a requirement even for the designated payee. After recognizing that a policyholder's lack of an insurable interest does not invalidate a policy, the trial court went on to determine that Martin was not equitably entitled to the proceeds and that therefore she could not recover as a matter of law.

Even if the Rathburns had no insurable interest in the subject of their policy, Tower was required to establish the policy's invalidity on other grounds. Tower has not done so. In addition, there is nothing in the record indicating that someone other than Martin, the designated payee, was equitably entitled to the policy's proceeds. Summary judgment for Tower was therefore error.

Tower notes that the trial court, in commenting on the equitable entitlement question, stated that Martin was not a mortgagee because her land contract relationship with the Rathburns had terminated before the policy was issued. Since the purpose of insurance is to protect interests in property, we conclude that Martin's status as the designated payee and owner of the property was not affected by her being mislabeled "mortgagee" in the policy.

*By the Court.*—Judgment reversed and cause remanded with directions to reinstate the complaint.

to be payable, who is equitably entitled thereto, or may create a constructive trust in the proceeds or a part thereof, subject to terms and conditions of the policy other than those relating to insurable interest or consent.