Sheri Lynn DISRUD, Plaintiff-Respondent,

v.

Scarlet A. ARNOLD, Defendant-Appellant,†

and

GERMANTOWN MUTUAL INSURANCE COM-
PANY, Defendant.

Court of Appeals

*No. 91–1895. Submitted on briefs December 23, 1991.—Decided
February 11, 1992.*

(Also reported in 482 N.W.2d 114.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven L. Vollmer* of *Grutzner, S.C., Holland & Vollmer* of Beloit.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Larry J. Eggers* of *Hansen, Eggers, Kelley, Blakely & Holm, S.C.* of Beloit.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Scarlet Arnold appeals a summary judgment awarding Sheri Disrud insurance proceeds paid after a fire loss. Arnold had entered into a land contract to purchase a house and land from Disrud. After Disrud foreclosed the land contract, but while Arnold remained on the property, a fire destroyed the premises. Arnold argues that: (1) Arnold's bankruptcy discharge extinguishes Disrud's claim; (2) the foreclosure judgment extinguishes Disrud's claim in the proceeds; (3) Arnold is entitled to the insurance proceeds under the express policy language; (4) sec. 631.07(4), Stats., does not require the court to award the insurance proceeds to Disrud; and (5) the trial court erroneously concluded that it would be unjust for Disrud to suffer the unreimbursed fire loss. We affirm the judgment.

The land contract required Arnold to insure the premises for not less than the balance due on the land contract and to include Disrud as an additional insured on the policy.[1] Arnold purchased casualty insurance, designating Arnold as the sole insured and Disrud as "Mortgagee I." The policy provided: "If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear." Arnold paid all the premiums due under the policy.

Disrud eventually foreclosed the land contract, and, after a three-week redemption period expired, the foreclosure judgment was confirmed. Although Arnold did not redeem her interests in the property, she remained in possession of the real estate. Disrud obtained a writ of assistance directing the sheriff to remove Arnold from the premises. Before the writ was executed, the premises were destroyed by fire. The cause of the fire is unknown,

---

[1] The land contract stated: "The policies shall contain the standard clause in favor of the Vendor's interest . . .."

and there is no allegation that Arnold is in any way responsible for the fire.

The insurance policy required that Disrud be given a ten-day notice in the event the insurance was to be canceled. Arnold did not cancel the policy, and it remained in force up to the day of the loss.

The insurer issued a check for $40,000, payable jointly to Arnold and Disrud, representing the full amount of the policy proceeds payable for the dwelling. The parties returned the $40,000 check to the insurer, which is holding it pending the outcome of this dispute. Arnold completed removal of her remaining personal possessions and surrendered the possession of the real estate to Disrud.

After the fire, Arnold filed a petition in bankruptcy court. Disrud filed a creditor's claim, based upon the strict foreclosure judgment, claiming that Arnold owed Disrud the redemption sum of $47,454.10. The claim was disallowed as unenforceable. The bankruptcy court determined that the realty had been surrendered, the land contract had been terminated by the confirmed judgment of strict foreclosure and Arnold was not indebted to Disrud for any amount.

Disrud obtained relief from the automatic stay in Arnold's bankruptcy proceedings to bring this action to determine whether Disrud or Arnold is entitled to the insurance proceeds. Upon Disrud's motion for summary judgment, the court awarded the entire proceeds to Disrud.

We review summary judgments de novo. *Grosskopf Oil v. Winter,* 156 Wis. 2d 575, 581, 457 N.W.2d 514, 517 (Ct. App. 1990). Our procedure is detailed in numerous cases. *See Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473, 476-77 (1980). When reviewing summary

judgment, we apply the standards set forth in sec. 802.08(2), Stats., in the same manner as the circuit court. *Kreinz v. NDII Secs. Corp.*, 138 Wis. 2d 204, 209, 406 N.W.2d 164, 166 (Ct. App. 1987). Because the material facts are undisputed in this case, summary judgment procedure is appropriate. *See Radlein v. Industrial Fire & Cas. Ins. Co.*, 117 Wis. 2d 605, 609, 345 N.W.2d 874, 877 (1984).

■

Arnold argues that her bankruptcy action extinguishes Disrud's claim to the insurance proceeds. We disagree. Although the bankruptcy discharge operates to extinguish Arnold's indebtedness, it does not affect the liability of the insurer to a beneficiary under an insurance policy. *See In re Zitron*, 203 F. 79, 81–82 (E.D. Wis. 1913).

Next, Arnold claims that because Disrud obtained a judgment of foreclosure, she gave up any rights to collect under the terms of the land contract. Arnold relies on *Kallenbach v. Lake Publications, Inc.*, 30 Wis. 2d 647, 142 N.W.2d 212 (1966), which holds that by electing the remedy of strict foreclosure, the vendor forgoes any right to collect the amount of the debt. She cannot demand the return of the land and also ask for the full purchase price. *See id.* at 654, 142 N.W.2d at 216. Arnold correctly states the law; however, her conclusion is erroneous. Disrud is not suing for the balance due on the land contract. Rather, she bases her claim on the coverage afforded by the insurance policy.

■

In *Martin v. Tower Ins. Co.*, 119 Wis. 2d 48, 349 N.W.2d 90 (Ct. App. 1984), we addressed a dispute between a land contract vendor and an insurance company under similar facts. Although the vendor obtained a foreclosure judgment terminating the purchaser's land

contract interest in the property, the purchasers resisted the plaintiff's efforts to have them evicted. They remained in possession without the vendor's permission when they applied for and were issued an insurance policy. The policy designated the vendor as "mortgagee." Shortly after the policy was issued, the property was damaged by fire. The trial court granted the insurer's motion to dismiss the complaint because the purchaser had no insurable interest when the policy issued. This court reversed, holding that the lack of an insurable interest was not a defense, *see* sec. 631.07(4), Stats., and there was nothing in the record to establish that someone other than the vendor as designated payee was entitled to the proceeds. *Martin,* 119 Wis. 2d at 51, 349 N.W.2d at 92. Accordingly, the foreclosure judgment does not forfeit Disrud's insurance claim.

Next, we reject Arnold's argument that the insurance policy entitles her to the entire insurance proceeds according to its express language. Arnold relies on the policy language that states that it will pay the mortgagee and the insured "as interests appear."[2] As a general rule, this phrase limits the mortgagee's recovery to the amount of the mortgage debt, within the limits of the policy. *See* 45 C.J.S. *Insurance* § 919(b)(2) (1946).[3] This

---

[2]The parties do not address the issue that the land contract calls for a "standard" insurance clause and that the policy provided the "open" clause. *See* cases collected at Annotation, *Right of Mortgagee, Who Acquires Title to Mortgaged Premises in Satisfaction of Mortgage, to Recover, Under Fire Insurance Policy Covering Him as "Mortgagee," for Loss or Injury to Property Thereafter Damaged or Destroyed by Fire,* 19 A.L.R.4th 778, 780–81 (1983), for a discussion of the effect of the two different clauses.

[3]Because they are analogous, we make no distinction between a mortgagee and a land contract vendor for the purposes

rule was applied in *Cary Mfg. Co. v. Acme Brass & Metal Works,* 215 Wis. 585, 589, 254 N.W. 513, 514 (1934), where, however, no foreclosure judgment had been entered.

■

Relying on *Cary,* Arnold contends that because the land contract foreclosure extinguished the debt, the vendor's interest is also extinguished, entitling Arnold to the entire proceeds.[4] This argument fails for two reasons. First, sec. 631.07(4), Stats., authorizes the court to order the proceeds paid to "someone other than the person to whom the policy is designated to be payable . . .." Second, *Cary* dealt with the issue of the distribution of insurance proceeds while the land contract was still in effect. Here, however, the judgment of strict foreclosure extinguished the debt as well as the purchaser's equitable interest in the property. *Post v. Schwall,* 157 Wis. 2d 652, 659-60, 460 N.W.2d 794, 797 (Ct. App. 1990). Because *Cary* did not address the precise issue before this court, which is the respective rights of the vendor and purchaser to proceeds for a loss occurring after the expiration of the redemption period and the entry of the confirmed judgment of foreclosure, *Cary* does not control.

Authority exists for the proposition that full or partial extinguishment of a mortgage debt, whether prior to or subsequent to a fire loss, precludes to the extent thereof any recovery on a fire policy by the mortgagee. *See Calvert Fire Ins. Co. v. Environs Fire Dev. Corp.,* 601 F.2d 851, 856 (5th Cir. 1979), and cases cited

of this discussion. *See Martin,* 119 Wis. 2d at 51, 349 N.W.2d at 92 (status as designated payee and owner of property not affected by label of "mortgagee" in insurance policy).

[4]*See also* 10A Couch on Insurance 2d § 42:696 at 735 (rev. ed. 1982).

therein. These cases, however, do not apply sec. 631.07(4), Stats., and therefore are not binding.

Next, Arnold contends that sec. 631.07(4), Stats., does not require the court to award Disrud the proceeds. We conclude that the trial court properly applied sec. 631.07(4), which provides: "[A] court with appropriate jurisdiction may order the proceeds to be paid to someone other than the person to whom the policy is designated to be payable, who is equitably entitled thereto . . .."

■

We review the trial court's decision under sec. 631.07(4), Stats., with deference. Section 631.07(4) calls for the trial court to fashion an equitable remedy. Decisions in equity are reviewed for an abuse of discretion. *Mulder v. Mittelstadt,* 120 Wis. 2d 103, 115, 352 N.W.2d 223, 228 (Ct. App. 1984). "An appeal to equity requires a weighing of the factors or equities that affect the judgment—a function which requires the exercise of judicial discretion." *Id.*

The record demonstrates that the trial court weighed the appropriate factors and properly applied equitable principles. The court noted that the purpose of the policy was to protect Disrud's and Arnold's interests in the property. The court observed that at the time of the loss, Arnold had no interest in the realty, but held over and remained on the property. Disrud, on the other hand, owned the property free and clear of any claim of Arnold and suffered the entire loss due to the fire. The court also considered that the policy provided that Disrud would receive ten days' notice in the event of cancellation. This provision was to protect Disrud from an uninsured casualty loss.

185

■ The court concluded that it would be unjust for Disrud to suffer the entire loss under these circumstances. The court further concluded that to award Arnold the insurance proceeds would result in a windfall because she suffered no loss as a result of the fire. We conclude that the trial court, in treating the policy proceeds as a substitute for the damaged property, arrived at a reasonable result based upon the facts of record and applicable law.

Finally, Arnold argues that the court misapplied the law and erroneously considered the policy provision requiring that Disrud receive a ten-day notice in the event the policy is canceled. Arnold contends that this language applies only to the insurer and that the insurer never canceled the policy, but Disrud terminated her own interest in the policy by the strict foreclosure action. Arnold also incorporates into this argument previous arguments we have already discussed.

■ We conclude that it was not error for the trial court to consider this policy language in determining the purpose of the policy, in order to arrive at an equitable resolution of the dispute. We understand the court's decision to be that it would be unjust for Disrud to suffer the entire fire loss and receive no reimbursement from the policy, which was purchased to protect her asset and could not be canceled without notice to her. The policy language was an appropriate factor for the court to consider in its discretionary process.

*By the Court.*—Judgment affirmed.